WILLIAM N. DYKMAN et al., as Executors of EDWARD T. HUNT, Deceased, Appellants, *v.* THE UNITED STATES LIFE INSURANCE COMPANY, Respondent.

TRIAL — WHEN QUESTION WHETHER JUDGMENT FOR MONEY MAY BE RECOVERED IS DEPENDENT UPON DECISION OF EQUITABLE QUESTIONS THE ISSUE IS NOT TRIABLE BY JURY, AS A MATTER OF RIGHT, UNDER CODE CIV. PRO. § 968. An action brought by the executors of a decedent demanding judgment that a contract of annuity between decedent and a life insurance company be adjudged void and be canceled and set aside and that the plaintiffs recover from defendant the amount paid by decedent for the annuity with interest thereon less the amount of annuities paid with interest thereon, is an action praying for the relief that only a court of equity can grant, and the plaintiffs are not entitled to a trial by jury, as a matter of right, under the provisions of section 968 of the Code of Civil Procedure.

*Dykman* v. *U. S. Life Ins. Co.*, 82 App. Div. 645, affirmed.

(Argued October 9, 1903; decided October 30, 1903.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered May 1, 1903, which affirmed an order of Special Term denying a motion to strike the above-entitled action from the Special Term calendar and to send it to be tried at a Trial Term before a jury.

The nature of the action, the facts, so far as material, and the question certified are stated in the opinion.

*James C. Bergen* and *John E. Parsons* for appellants. The allegations of the complaint set forth an action for money had and received; therefore, the issues in this case are prop-

erly triable before a jury and not on the equity side of the court. (*King* v. *Van Vlek*, 109 N. Y. 363 ; *Place* v. *Hayward*, 117 N. Y. 487; *Everett* v. *Conklin*, 90 N. Y. 645 ; *Roberts* v. *Ely*, 113 N. Y. 128 ; *Chapman* v. *Forbes*, 123 N. Y. 537 ; *Hale* v. *O. Nat. Bank*, 49 N. Y. 631 ; *Cope* v. *Wheeler*, 41 N. Y. 303 ; *Degraw* v. *Elmore*, 50 N. Y. 1.) The complaint alleges facts constituting this an action at law for recovery of money had and received, the right to which recovery arises *ex æquo et bono*, and to that extent is an equitable right. It is in just such cases that either party may demand a trial by jury. (12 Ency. of Pl. & Pr. 264 ; *Hudson* v. *Caryl*, 44 N. Y. 553 ; *Davis* v. *Morris*, 36 N. Y. 569 ; *Bradley* v. *Aldrich*, 40 N. Y. 510 ; *Stevens* v. *Mayor, etc.*, 84 N. Y. 296.)

*Charles E. Patterson* and *Donald B. Toucey* for respondent. Plaintiffs have no right to have this case tried before a jury. (1 Story's Eq. Juris. § 59 ; *City of Rochester* v. *Mayor*, 9 Civ. Pro. Rep. 226 ; *Wright* v. *Nostrand*, 94 N. Y. 31 ; *Moss* v. *Burnham*, 50 App. Div. 301 ; *Bell* v. *Merrifield*, 109 N. Y. 202 ; *Krenzle* v. *Miller*, 32 N. Y. S. R. 984 ; *Mackellar* v. *Rogers*, 109 N. Y. 468 ; *Van Rensselaer* v. *Van Rensselaer*, 113 N. Y. 207 ; *Cogswell* v. *N. Y., N. H. & H. R. R. Co.*, 105 N. Y. 319 ; *Lynch* v. *M. El. Ry. Co.*, 129 N. Y. 274.)

Bartlett, J. The learned counsel for the plaintiff insists that the complaint sets forth an action for money had and received and that the issues are triable by a jury.

A carefully drawn complaint, covering nine printed pages, sets forth in substance that plaintiff's testator, within five months of his death, purchased an annuity of the defendant when he had long been addicted to habits of gross intemperance, which led to a diseased, disordered, irrational and unsound mental condition, of which defendant had due notice.

That plaintiff's testator paid $100,000 for an annuity of

$7,640.00 during life, payable in quarterly payments of $1,910; that one quarterly payment was paid and before another became due the testator died.

There are other allegations in the complaint that need not be referred to at this time.

The prayer of the complaint is, in substance:

1. That the contract of annuity be adjudged void and that the same be canceled and set aside.

2. That the defendant be adjudged to pay to the plaintiffs the sum of $100,000.00, with interest, less any sum, with interest, that defendant has paid out under the contract.

3. Prayer for costs.

This is an action in equity praying for relief that only a court of chancery can grant.

The learned Appellate Division has certified to us this question:

" Are the plaintiffs in this action, upon the pleadings herein, entitled as a matter of right to a trial by jury, under the provisions of section 968 of the Code of Civil Procedure?"

The question is answered in the negative.

The order appealed from should be affirmed, with costs.

Parker, Ch. J., O'Brien, Martin, Vann and Werner, JJ., concur; Cullen, J., not sitting.

Order affirmed.