In the Matter of IRA T. JOHNSON. as Executor of ELLA WILSON, Deceased, Respondent.

MILTON P. KALER. Appellant.

(Argued October 22, 1929; decided November 19, 1929.)

*Harry L. Kreeger, William Roth* and *George D. Zahm* for appellant. The Surrogate was without power to direct the turning over of moneys or property which were not in the possession of the appellant, either in specie or in the form of proceeds resulting from the disposition of such moneys or property, nor were under his control, where the uncontradicted and unimpeached proof was that the appellant had neither such money nor such proceeds, but had in fact acted as a mere conduit by which

the property came to the decedent's donee. Nor was the Surrogate possessed of the power to adjudicate against a claimed gift in the absence of the donee. (*Matter of Walker*, 136 N. Y. 20; *Matter of Gick*, 49 Misc. Rep. 32; *Matter of Heinze*, 224 N. Y. 1; *Matter of Carey*, 119 Misc. Rep. 104; 206 App. Div. 734; *Matter of Miller*, 112 Misc. Rep. 287; *Matter of O'Brien*, 34 Misc. Rep. 436; 65 App. Div. 282; *Matter of Richardson*, 31 Misc. Rep. 666; *Matter of Hyams*, 237 N. Y. 211; *Matter of Cofer*, 121 Misc. Rep. 292; *Matter of Fraley*, 129 Misc. Rep. 803; *Beattie* v. *Burt*, 122 App. Div. 473; *Martin* v. *Colby*, 42 Hun, 1; *Weed* v. *Terry*, 2 Dougl. 344.)

*Joseph R. Webster* for respondent. The Surrogate did not err in holding a gift had not been proven. (*Matter of Sherman*, 227 N. Y. 350; *Caldwell* v. *Lucas*, 233 N. Y. 248.) The Surrogate had power to direct appellant to return the money. (Surrogate's Court Act, §§ 205, 206; *Matter of Hyams*, 237 N. Y. 211; *Matter of Akin*, 248 N. Y. 202.)

HUBBS, J. The respondent, as executor of the last will and testament of Ella Wilson, deceased, commenced a discovery proceeding in the Surrogate's Court of Westchester county under section 205 of the Surrogate's Court Act (Laws of 1920, chap. 928, as amd.) In his petition he prayed that the appellant, Milton P. Kaler, attend before the surrogate and be examined respecting certain bank accounts owned and standing in the name of the testatrix. The testatrix resided with the appellant at the time of her death and had for several years prior thereto. During that time he had acted for her in many transactions in relation to such bank accounts.

The appellant appeared in said proceeding and filed an answer in which he denied that he had any assets belonging to the estate of the deceased except certain property specified. He did not question the jurisdiction of the surrogate or demand a jury trial.

Upon the hearing it appeared that on July 24th, 1926,

the day before the testatrix died, the appellant withdrew $33,092.36 from two banks, from accounts which stood in the name of the testatrix. He testified that the testatrix instructed him to withdraw said sum and to give it to his wife and that he did so. The learned surrogate was justified in finding, as he did, that the money so withdrawn belonged to the estate of the testatrix. The decree entered in the proceeding ordered the appellant to deliver to the executor said sum, with interest.

It is contended by the appellant that the surrogate was without jurisdiction to order him to pay over to the executor said sum, as it appeared without dispute that he had turned it over to his wife, and that it was, therefore, no longer in his control or possession.

Sections 205 and 206 of the Surrogate's Court Act as they now read are the result of a long and gradual development. They are derived from chapter 359 of the Laws of 1870, which applied to New York county only. Later the Code of Civil Procedure, by sections 2707 to 2710, inclusive, extended the practice to the whole State.

The purpose of the enactment was to provide a summary mode of discovering and reaching specific property of a deceased in the possession of a third person, and to enable the personal representative of the deceased to obtain an order for its surrender. By the amendment of 1914 the sections were renumbered and became sections 2675 and 2676. Before the amendment it was held that a third person proceeded against could defeat the proceeding by filing a verified answer setting up ownership or that he was entitled to the possession of the property by virtue of a lien thereon or specified property therein.

Sections 2675 and 2676 of the Code of Civil Procedure were re-enacted without change and became sections 205 and 206 of the Surrogate's Court Act in 1920 (Laws of 1920, ch. 928; as amd. by Laws of 1921, ch. 438). It was thereafter decided that a Surrogate's Court had jurisdiction to try and determine the right to possession of

specific property but could " only direct the delivery of specific money or personal property which belonged to the deceased in his life time." The court was still without authority to follow the proceeds of property wrongfully sold or disposed of. (*Matter of Hyams*, 237 N. Y. 211.) That decision was made in 1923. The next year section 206 was amended (Laws of 1924, ch. 100) to read as follows: " If it appears that the petitioner is entitled to the possession of the property, the decree shall direct delivery thereof to him, *or if the estate property shall have been diverted or disposed of the decree may direct payment of the proceeds or value of such property or may impress a trust upon said proceeds or make any determination which a court of equity might decree in following trust property or funds.*"

In *Matter of Akin* (248 N. Y. 202), decided after the amendment of 1924, it appeared that a third party claimed, by reason of a gift, a certain bank account which had stood in the name of the deceased. In a discovery proceeding under sections 205 and 206, the third party did not file an answer, but appeared at the hearing and contested the right of the administrator to the possession of the bank account. The Surrogate found that the account belonged to the estate and directed the payment of the proceeds of the account to the administrator. It was urged that the Surrogate was without authority to make such a decree, as the issue was not raised by an answer which alleged title to the property. This court held otherwise and said: " The Surrogate's Court has now jurisdiction to dispose of every claim to property which should be delivered to an executor, administrator or guardian."

We are now called upon to determine whether such jurisdiction has been granted in case the specified property has been transferred and is no longer in the possession or control of the third person proceeded against.

The clear wording of the amendment confers such authority upon the Surrogate's Court, and it may, when it appears that " the estate property shall have been

diverted or disposed of," make a decree directing the payment of the proceeds or value of such property to the representative of the estate. The correctness of the conclusion reached as to the purpose of the amendment is made clear by a study of the historic development of the law upon the subject.

The third party in such proceeding is not deprived of any constitutional right as section 68 of the Surrogate's Court Act gives the right to a jury trial in such proceeding. (*Matter of Heinze*, 224 N. Y. 1.)

The order of the Appellate Division and the decree of the Surrogate's Court should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Ordered accordingly.