FRANK N. GOBLE, Respondent, v. SAMUEL L. FULLER, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Tompkins, JJ.

FANNIE GOLDNER, Respondent, v. HARRY GOLDNER, Appellant.— Order denying defendant's motion to modify final judgment by reducing the amount of alimony affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

JOHN A. HANRATTY, Respondent, v. HARRY EINHORN, Appellant.— Order of the City Court of Yonkers setting aside verdict and granting a new trial unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Tompkins, JJ.

In the Matter of the Estate of ELEANORE MAYO ELVERSON, Deceased. JOHN GREEN and Others, Appellants; LIBERTY TITLE AND TRUST COMPANY, Temporary Ancillary Administrator c. t. a., Respondent.— Order of the Surrogate's Court of Suffolk county, made September 11, 1930, reversed upon the law and the facts, with ten dollars costs and disbursements to respondent and appellants, payable out of the estate, and the matter remitted to the Surrogate's Court for proceedings in discovery, pursuant to sections 205 and 206 of the Surrogate's Court Act on authority of Matter of Elverson (post, p. 831), decided herewith. Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ., concur.

In the Matter of the Estate of JAMES ELVERSON, JR., Deceased. JOHN GREEN and Others, Appellants; HERBERT E. BLACKMAN, Ancillary Administrator, Respondent.— Order of the Surrogate's Court of Suffolk county, made September 11, 1930, reversed upon the law and the facts, with ten dollars costs and disbursements to respondent and appellants, payable out of the estate, and the matter remitted to the Surrogate's Court for proceedings in discovery pursuant to sections 205 and 206 of the Surrogate's Court Act.* Discovery herein is needful to determine the identity of the property sought to be subjected to an order of the court with reference to possession. Moreover, the record discloses a disputed question of title upon which the appellants were entitled to a hearing in the form of a trial. (Matter of Nutrizio, 211 App. Div. 8, 13; Matter of Pritchard, 227 id. 105; Matter of Wilson, 252 N. Y. 155.) Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ., concur.