In the Matter of the Estate of HENRY DOBKIN, Deceased.

Surrogate's Court, New York County, May 10, 1932.

Eli I. Kriger, for the respondents.

Joseph J. Fischer, for the executor.

FOLEY, S. The motion to set aside the special verdict of the jury is denied. The jury found, in answer to the special question submitted, that the decedent did not make an absolute gift of his insurance business to the respondent Mildred Lowenstein, his step-daughter. The evidence in the case amply justified that finding. The respondent relied upon the testimony of three witnesses who

testified in general terms that the decedent declared to them that he had given, or transferred, the business which he transacted as an insurance broker to the respondent. The gift was alleged to have taken place about July 29, 1931. No formal transfer was made, and the decedent continued to conduct the business up to a few days before his death. Title, control and dominion were, therefore, retained by him. While no written instrument was required to effectuate the gift, it is significant that none was made. No bill of sale or other instrument evidences the alleged gift. In my opinion, delivery — an essential element of a gift — was not proven. But stronger than any other circumstances in the case was the conduct of the respondent from the date of the alleged gift to the date of the death of the decedent and for at least two months thereafter, which entirely negatives any prior gift. Her own actions contradict her contentions upon the trial. The business was conducted under the decedent's name up to the time of his death. Thereafter the respondent herself procured a written form of the application for a license to be applied for by the executor under section 144 of the Insurance Law in order to temporarily carry on and liquidate the business. If it was hers under the alleged gift at that time, there was no occasion for her to procure such a license. Moreover, she turned over to the executor checks for premiums paid after the death of decedent by customers of the decedent, and delivered to him renewal policies coming due after the death of the decedent; she arranged for the extension of time for the benefit of the executor to pay premiums due fire insurance companies. She did other acts consistent with the ownership of the business by the decedent and at variance with her present claim of a gift to her. It is significant that she did not procure, between the date of the alleged gift and the date of death of her stepfather, a license from the Superintendent of Insurance as an insurance broker. The testimony is not clear as to the exact date of her application for a license, but it is a fair inference that the application was made after the date of death of the decedent. From the evidence it may be deduced that she procured the license, not to continue the business of her father, but to embark upon a new business upon her own account.

The entire record discloses that her claim of a gift was an afterthought, designed to secure the assets of the estate for herself and to prevent them from passing to the persons mentioned as residuary legatees in the will — the widow and two children of the decedent.

The finding of the jury and the decision of the surrogate thereon are equivalent to an interlocutory decree in an accounting proceed-

ing. The business, books and profits of the business have been found to be assets of the estate. The books will be ordered to be delivered forthwith to the executor. The power of the Surrogate's Court, particularly under its equitable jurisdiction in discovery proceedings to follow the estate assets or the proceeds of a diversion, is plenary. (Surr. Ct. Act, §§ 205, 206.) It has been given the broadest scope in recent decisions of the Court of Appeals (*Matter of Wilson*, 252 N. Y. 155; *Matter of Akin*, 248 id. 202).

This matter is, therefore, set for a further hearing on the 1st day of June, 1932, at eleven A. M., before the surrogate without a jury, to take testimony upon the moneys which may have been diverted by the respondents, and any other property and funds in their possession belonging to the estate or for which they may be accountable under section 206 of the Surrogate's Court Act. The respondents are directed to appear personally on that day.

Submit intermediate decree in accordance with this decision, which may contain a reservation for the making of a supplemental decree fixing the amount due from the respondents to the estate.