In the Matter of the Estate of ANNA WALSH, Deceased.*

Surrogate's Court, Erie County, January 4, 1933.

*Jacob Weissfeld*, for the petitioner.

*Barth & Ray* [*Vincent T. Ray* of counsel], for the respondents.

HART, S. Anna Walsh died on the 15th day of December, 1930, leaving a last will and testament, one of the provisions being as follows:

" *Second.* I give, devise and bequeath unto my sister, Margaret T. Walsh, my house, and lot, known as 108 Claremont Avenue, in the City of Buffalo, N. Y., together with any household goods, furniture or effects that may be in or about the same, for her use and benefit during her lifetime, and upon her decease, I give, devise and bequeath the same unto my nephews, Timony Callahan, James Callahan and Thomas Fraser, or their survivors or survivor of them share and share alike."

Thomas Fraser, one of the beneficiaries, died on or about the 16th day of October, 1931, leaving him surviving the petitioner in this proceeding, Jeanette Fraser, his wife, and three children, John Fraser, Jane Fraser and Norma Fraser, of the ages of ten, seven and five years respectively.

Margaret T. Walsh, above mentioned, died in the city of Buffalo on or about the 27th day of February, 1932.

Thomas Fraser executed a release on the 16th day of October,

* See, also, 147 Misc. 103.

1931, the very day he died, and upon this, along with other releases executed by the interested parties, an order was entered judicially settling the estate and discharging the executors on the 25th day of November, 1931.

The petitioner requests a construction of the provision above set forth. The respondents object on the ground that this court has no jurisdiction to construe the will since the construction determines the title to real property.

Although Thomas Fraser executed a release on the day he died, and in the proceeding for judicial settlement, by so doing, he did not waive his right to a construction and did not foreclose the right of his heirs at law and next of kin to such construction. Subdivision 8 of section 40 of the Surrogate's Court Act is as follows: " To determine the validity, construction or effect of any disposition of property contained in any will proved in his court, whenever a special proceeding is brought for that purpose, or whenever it is necessary to make such determination as to any will in a proceeding pending before him, or whenever any party to a proceeding for the probate of any will, who is interested thereunder, demands such determination in such proceeding."

Section 145 of the Surrogate's Court Act sets forth the manner of procedure for a construction.

In *Matter of Engel* (140 Misc. 276) the entire question of jurisdiction of the surrogate over real property was discussed by Surrogate WINGATE. He said in his opinion (at p. 283): " At the outset of this inquiry, the objection is made that this court has no jurisdiction to determine this question of title. Such objection would undoubtedly have been well taken prior to October 1, 1921, when the broadening effect of the amendments to section 40 of the Surrogate's Court Act became law, but it has now been an arrant anachronism for almost a decade. (*Matter of Wilson*, 252 N. Y. 155, 158; *Matter of Akin*, 248 id. 202, 205; *Matter of Raymond* v. *Davis*, Id. 67, 71; *McLean* v. *Hart*, 228 App. Div. 377, 381; *Matter of Seaman*, 205 id. 681, 686; *Matter of Van Buren* v. *Estate of Decker*, 204 id. 138, 140; *Matter of Morris*, 134 Misc. 374, 382.) In the last cited case this court, after a reasonably exhaustive review of authorities, said: ' It is believed that no reasonable construction of this statute could be made which did not hold that the Surrogates' Courts now possess entirely unlimited jurisdiction over any and every legal and equitable question which may ever arise in connection with decedents' estates and the relations of guardians and wards so far as it concerns any person actually or constructively before the court by reason of any right, in, claim to, or obligation in connection with, a decedent's or ward's estate.'

" So far as this court is concerned, it has found no subsequent authority inclining it to modify the basic principle thus stated. Indeed the pertinent decisions of the Court of Appeals and the Appellate Divisions, rendered since this statement was made, have all tended to confirm the court in its belief that this excerpt represents the true scope and authority of the surrogate's jurisdiction."

This court, therefore, holds that it has the jurisdiction to construe the will herein.

Inasmuch as the attorneys for the respondents have not discussed the other questions raised in this matter, and have requested that, in the event of the finding above made, they be permitted to file an additional brief in furtherance of the argument on the various questions, permission is hereby granted to file such a brief within ten days after the service of a copy of the order in this proceeding, based upon this decision, and permission is also granted to the attorney for the petitioner to file an additional brief within the same limit of time if he so desires.

Let a decree enter accordingly.