In the Matter of the Estate of PHILIP COHEN, Deceased.

Surrogate's Court, Kings County, June 11, 1954.

*Pollister Hamilton Feely* for Lafayette National Bank of Brooklyn in New York, as administrator of the estate of Philip Cohen, deceased, petitioner.

*Michael P. Direnzo* for Alex Cohen and others, respondents.

*Carlin, Merriam, Feely & Donohue* for Lafayette National Bank of Brooklyn in New York, as general guardian of Milton S. Cohen, an infant.

*John C. Walsh* for Martha Levy, as general guardian of Norman R. Cohen, an infant.

RUBENSTEIN, S. The petitioner herein, as administrator of decedent's estate, instituted this proceeding against decedent's father and brother and two others, seeking to recover personal property of the decedent as assets of the estate.

The decedent died on September 15, 1949, leaving surviving as his only distributees a daughter and two sons, all of whom were then infants. The decedent and his wife, the mother of his children, had been divorced and the younger son always resided with her, whereas the daughter and other son resided with their paternal grandparents. The daughter married and her husband was appointed her general guardian. The younger son's mother was appointed his general guardian but, on the opposition of the paternal grandfather, her application to be appointed general guardian of the older son was denied and the petitioner herein was appointed as such general guardian.

On April 7, 1952, letters of administration on decedent's estate were issued to the petitioner over the opposition of the daughter's general guardian, who sought appointment as coadministrator. Prior thereto the father of decedent collected from two of decedent's business associates the sum of $17,000, representing decedent's interest in the business conducted by them. He informed the petitioner that of this sum he gave to decedent's daughter $3,500, presumably on account of her distributive share in the estate, and purchased twenty-four United States Savings Bonds, Series E, each in the face amount of $500 at a cost of $9,000. Twelve of the bonds were registered in the name of the older son and twelve in the name of the younger son, all payable on death of the registered owners to designated beneficiaries. The bonds have been delivered to the petitioner, as administrator. The father of decedent further disclosed that he had found among decedent's effects cash in the sum of $2,430, which he claimed he had expended for decedent's funeral and related expenses.

The proceeding was commenced on April 3, 1953, against decedent's father and brother and two other respondents to recover the assets mentioned above and to ascertain the existence of other estate assets. Of the latter two respondents, one died before the service of the order in discovery and the proceeding was later discontinued as to the other, without prejudice.

The respondents, father and brother of decedent, submitted to a lengthy preliminary examination, preceding which the father paid petitioner the sum of $2,500, leaving unaccounted for, as above set forth, $2,000 of the $17,000 fund. He claimed

to have expended $300 in its collection and $1,700 for the support of decedent's daughter and older son, who resided with him. After the conclusion of their examination, the respondents filed a joint answer and the matter was heard by the court. The only testimony at the hearing was given by decedent's daughter, but it was stipulated that the testimony given by both respondents on their preliminary examinations, together with the exhibits then offered, be deemed a part of the record.

Petitioner, conceding that decedent's father acted in good faith, nevertheless, argues that he must pay to petitioner the sum of $2,430 cash found among decedent's effects, without prejudice to his right of reimbursement for the reasonable funeral expenses and also, the sum of $14,500, the balance of the $17,000 fund after deducting the $2,500 received by petitioner, subject to any claim he may have against his grandchildren's estates for any expenditures he may have made for their benefit or on their behalf.

The contention of the petitioner may be correct but, under the circumstances herein, the court is inclined to allow the respondent father credit for the funeral expenses established by him, as well as the $300 expense incurred in collecting the $17,000. The only item of the bill for funeral expenses of $2,430 for which credit is sought by the father not satisfactorily explained is the sum of " $408 more or less " as set forth in the answer. This item will be disallowed and credit allowed in the sum of $2,022 for funeral expenses subject to reduction on the accounting of the administrator in the event objection is filed to the reasonableness thereof and sustained.. If the amount of funeral expenses hereby allowed is later found to be unreasonable, the respondent father will be required to refund the difference between $2,022 and the amount found to be reasonable as a funeral expense.

Undoubtedly, aside from arranging for decedent's funeral, the respondent father usurped the functions of a duly appointed fiduciary and his actions were unauthorized and improper, though not necessarily illegal. Such conduct is not condoned nor encouraged. When performed in good faith, with no resulting damage to the estate, there is no reason to penalize a person so acting and, certainly, not when his efforts benefited the estate (*Matter of Webster*, 95 N. Y. S. 2d 84). In short, he is fully accountable but responsible only as a wrongdoer (Decedent Estate Law, § 112; *Mills* v. *Mills*, 115 N. Y. 80).

Here, the respondent father collected an asset of decedent's estate and seemingly, in good faith, made a distribution thereof

among decedent's distributees. In so doing, he has failed to take into consideration administration and other expenses and possible claims against decedent and his estate, which must be satisfied or provided for before any distribution may properly be made among the distributees.

This respondent having paid over to decedent's daughter the sum of $3,500, he must pay this amount to petitioner and, if he is unable to obtain this amount from her, he will be entitled to be reimbursed from the estate, at the time of distribution, from the daughter's interest in the estate to the extent of her proportionate share, but not exceeding $3,500. This determination is without prejudice to the right of petitioner to proceed against the daughter (*Matter of Wilson*, 252 N. Y. 155).

The twenty-four $500 United States Savings Bonds, Series E, purchased by this respondent for the sum of $9,000 present a more complicated situation. These bonds are not only registered in the names of infants, but also in beneficiary form. While the respondent is chargeable with this sum, the petitioner, respondent, the general guardians of the infants and the infants themselves, both over fourteen years of age, should co-operate in the redemption of the bonds with the cash to be delivered to the petitioner. Upon payment of the redemption value of the bonds to the petitioner, this respondent will be released from further liability with respect to such bonds.

Whatever basis the respondent may have for reimbursement from the estates of decedent's sons and daughter, now an adult, he is not entitled in this proceeding for credit of the $1,700 claimed to have been expended for the support and maintenance of his grandchildren. In any event, this respondent's testimony with respect to such expenditures is too general in nature, is uncorroborated and partly contradicted by the daughter. The respondent will, therefore, be directed to pay over to the petitioner the said sum of $1,700 and also the sum of $408, the balance of the sum found by him among decedent's effects after credit, hereinabove allowed, of $2,022 as against decedent's funeral expenses.

Petitioner seeks to recover from decedent's brother the sum of $14,000 alleged to be property of the decedent and withheld by his said brother. The claim is based on the assertion that the respondent brother received from decedent the sum of $4,000 as part of the purchase price of the home in which decedent lived with his parents, his daughter and older son, title to which was taken in the name of the brother, and the further sum of $10,000 represented by deposits of $5,000 each in two saving

bank accounts in the name of the brother, the bankbooks having been found among decedent's effects.

On the entire record, the petitioner has failed to sustain the burden of proof that the sums in question were property of the decedent and being withheld by the brother and the proceeding, as to him, is dismissed.

Submit decree, on notice, accordingly.