William J. Regan, S.
The petitioners initially commenced proceedings to revoke letters testamentary granted to the respondent, alleging that the respondent had a conflict of interest in that certain transfers of decedent’s property were made to the respondent prior to the decedent’s death. After a hearing on said motion, an order was granted on April 23, 1975, denying petitioners’ application at that time and further providing that a hearing by way of an inquiry be held by this court relative to the property allegedly in possession of respondent, pursuant to provisions of SCPA 2102.
In what amounted to the inquisitorial phase of a discovery proceeding on June 18, 1976, several bank officers testified that the bank records reflected a transfer of decedent’s bank accounts to the respondent and his wife. The respondent testified that the transfers were made by the decedent for the purpose of effectuating gifts of said bank accounts to respondent and his wife.
A claim of gift having been made, a proceeding to determine *77 the validity of such claim becomes necessary. Inasmuch as the respondent is one of the donees of the alleged gift, as well as the fiduciary, petitioners were directed to pursue such a proceeding. The formalities of an independent proceeding to determine title to the accounts was dispensed with, jurisdiction having been obtained over the necessary parties and a claim of gift having been alleged by the respondent and his wife. The issue of title to the accounts in question is properly before this court. Respondent, however, has questioned petitioners’ right to a trial by jury, it being his contention that the matter is one to be resolved on judicial settlement and only after the filing of objections to the account filed by the executor.
It is well-established law that a right to a jury trial exists in a probate proceeding (SCPA 502, subd 1), and also exists in a discovery proceeding. (Matter of Wilson, 252 NY 155; SCPA 502.)
While it does appear that this proceeding is not a reverse discovery proceeding as envisioned in SCPA 2105, it is nonetheless a proceeding which is contemplated to be brought by a person interested, a determination having been made by the court that there is a question of title to the bank accounts. As indicated above, respondent contends that the subject matter of this proceeding properly belongs in judicial settlement, and therefore argues that any issue raised by petitioners at this time is premature and should be dismissed. While it is true that the petitioners could wait until an accounting is filed, it does not follow that the issue cannot be determined and resolved prior to that time. As a matter of fact, it is the opinion of this court that the disposition of the issue at this point would be in the best interest of the estate and would enhance the administration thereof.
Respondent contends, of course, that if the objection were to an accounting, then the petitioners would not be entitled to a jury trial inasmuch as it is on judicial settlement of the estate and is considered equitable in nature. This court disagrees with respondent’s conclusion. Even if the instant proceeding were to be dismissed by this court, it would be dismissed without prejudice to the petitioners’ right to raise their objections at the time of an accounting and without prejudice to their right to demand a jury trial at that time. To maintain that the jury trial on the issue of gift is granted only when the fiduciary proceeds against a third party, and not granted *78 where by mere happenstance the donee is the fiduciary, is inconsistent and a denial of substantial constitutional rights to the objectant.
Neither the court nor the Legislature has the right to deprive a petitioner who had a right to a jury trial at common law, of such right by authorizing a court of equity to take jurisdiction. (People ex rel. Lemmon v Elmore, 256 NY 489; Hudson v Caryl, 44 NY 553.) The nature and character of the specific issue to be resolved in this proceeding is one which at common law would entitle the parties to a trial by jury. It is this court’s decision that the denial of a jury trial to the petitioners would be a violation of their constitutional rights, and therefore their demand for a jury trial is granted.
The granting of a jury trial at this time is conditioned on the petitioners notifying all those persons which would have to be cited in this estate upon judicial settlement, to afford them an opportunity to participate in the trial of this action if they so desire, and thereby assure all parties that the matter will not be relitigated, and estopping all interested parties from any. collateral attack on the issue of this matter on judicial settlement.