OPINION OF THE COURT
Eve Preminger, S.
Incident to this contested probate proceeding, which was consolidated with a related proceeding involving decedent’s inter vivos trust transferred from the Supreme Court, the proponents of the will move to strike objectants’ jury demand. At issue is the propriety of the jury demand for the trust dispute as well as the effect of the consolidation ordered by the Supreme Court on the jury demand for the will contest.
Decedent died on February 18, 1994, survived by three children: Mark, Susan and Alan (Lanny). The instruments at issue in this consolidated proceeding include the propounded will, executed on December 3, 1992, a declaration of trust executed on September 21, 1992, including two amendments thereto dated December 3, 1992, and August 13, 1993, and an amendment and restatement of the trust, executed December 8, 1993. The instruments are not integrated in that one does not pour over into the other but each omits Susan and Lanny and *174 contains substantial provisions for charitable organizations. Both trust instruments include dispositive provisions for Mark but Mark has no interest in the will other than his appointment as executor and the power to designate charitable beneficiaries.
On March 2, 1994, Mark filed for probate a purported will, of which Mark and decedent’s friend, Iris Freed, were named executors. On May 13, 1994, Susan and Lanny filed objections in the probate proceeding including a jury demand. On May 19, 1994, they commenced a proceeding in Supreme Court seeking to set aside the trust, and on January 18, 1995, objectants moved to transfer that proceeding to this court and to consolidate it with the probate proceeding pending here.[1] Approximately two weeks after the order for transfer was signed, objectants filed a jury demand with the Supreme Court. On July 26, 1996 objectants filed a note of issue including a jury demand in this court.[2] On August 13, 1996, the proponents of the will filed a motion to strike the jury demand, asserting that objectants have no right to a jury trial in the trust proceeding since it seeks equitable relief and that the joinder of that equitable claim with the probate litigation waived objectants’ right to a jury trial in the probate proceeding.
The right to a jury trial exists where such right is provided by statute or by the State Constitution (SCPA 502 [1]; CPLR 4101). The Constitution provides that "[tjrial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever” (NY Const, art I, § 2). This provision, enacted in 1938, is generally interpreted to mean that the guarantee extends to all matters to which a constitutional right attached at the time of the adoption of the first Constitution in 1777, i.e., matters traditionally triable before a jury in a court of law or to which the right had been extended by statute prior to 1777, as well as any matters as to which a right to trial by jury was created by statute between 1777 and adoption of the 1894 Constitution (Hudson View II *175 Assocs. v Gooden, 222 AD2d 163). The test for whether claims other than those covered by statutory provisions enacted during the specified period fall within this constitutional provision is whether the claim at issue historically would have been tried by a court of equity (supra; see generally, 7A CarmodyWait 2d, NY Prac §§ 49:1-49:5).
A proceeding to set aside a transfer, in trust or otherwise, is equitable in nature (Phoenix Mut. Life Ins. Co. v Conway, 11 NY2d 367 [action for rescission of life insurance policy]; Dykman v United States Life Ins. Co., 176 NY 299 [action by fiduciary to set aside decedent’s purchase of annuity contract]; Mann v Mann, 45 Misc 2d 19 [action by distributees to recover Totten trusts and other assets transferred by decedent]; Phillips v Flagler, 82 Misc 500, affd 166 App Div 964 [action by distributees to set aside deed conveying real property and unprobated will]; Matter of Weinstein, NYLJ, Feb. 14, 1991, at 26, col 1 [action seeking, inter alia, rescission of trust]). Accordingly, there is no right to trial by jury in such a proceeding.
In so holding, the court is mindful that a distinction thus exists between wills, for which the right to a jury trial is provided by statute. (SCPA 502 [l]),[3] and revocable trusts, which may function as will substitutes. However, other important legal distinctions exist between the two types of instruments (see, e.g., EPTL 3-3.7 ["pour-over” trusts not subject to same testamentary formalities as wills]).
Further, the court recognizes that proceedings to recover assets from or on behalf of a decedent’s estate often are triable by jury (Matter of Wilson, 252 NY 155 [right to jury trial for discovery proceeding]; Matter of Schneier, 74 AD2d 22 [right to jury trial in reverse discovery proceeding that is in the nature of replevin]). There are, however, substantive distinctions between such proceedings and the proceeding involved in this case. A discovery proceeding is brought by a fiduciary to recover legal title for ultimate disposition as determined by the applicable governing instrument or law, as the case may be. Here, in contrast, the objectants are not fiduciaries and are not seeking recovery on behalf of the estate; they are seeking recovery as intestate distributees whose interest is adverse to *176 those of other possible beneficiaries of the estate.[4] A reverse discovery proceeding might be used in a case like this, but there would be no right to a jury because such right applies not to all reverse discovery proceedings but rather just to those in which the substance of the relief sought would entitle the parties to a jury trial at common law such as when the action sounds in replevin which this does not (Matter of Schneier, supra).
It is perhaps somewhat anomalous that a proceeding to set aside a revocable trust, which is both closely akin to a will and a repository for assets that could be recoverable on behalf of a decedent’s estate, should not be triable by jury. Any temptation to infuse logic into the determination of rights to trial by jury is easily resisted, however, because the well-established rules for such determinations are, to some degree, a mere product of historical accident and thus inherently arbitrary. Consequently, an attempt to redress the anomaly at hand could create an inconsistency from another perspective.
Having determined that the trust proceeding is equitable in nature, the court must next determine whether objectants waived their right to a jury trial in the probate proceeding (SCPA 502 [1]). Joinder of legal and equitable claims based on the same transaction constitutes a waiver of petitioner’s right to a jury on the legal claims (O’Rorke v Carpenter, 125 AD2d 223) whereas joinder of legal and equitable claims based on separate transactions does not waive petitioner’s right to a jury on the legal claims (CPLR 4102 [c]).
In this case, each instrument at issue purports to dispose of a portion of decedent’s estate upon his death, and identical questions, decedent’s mental capacity and undue influence, are raised with respect to each. Each instrument, however, constitutes a separate transaction for which the common factual questions must be resolved independently (Rocha Toussier y Asociados v Rodrigo Rocha Rivero, 201 AD2d 282; Regan v Martindale, 72 AD2d 676). Accordingly, the consolidation of the trust proceeding with the probate proceeding did not constitute a waiver of objectants’ right to a jury trial in the probate proceeding.
*177 The court next must determine the proper sequence of trial for this consolidated proceeding. This is a matter addressed to the sound discretion of the court (SCPA 502 [1]). In this case, there are several instruments which were executed within approximately one year of each other. Further, the allegations upon which objectants would set aside all instruments are identical: decedent’s incapacity and the exercise of undue influence by their brother Mark. While there may be some differences in the two proceedings regarding burden of proof,[5] standard of proof[6] and evidence,[7] such differences, if they in fact exist, may be addressed adequately in the context of a single trial. In view of the foregoing, the two proceedings, previously consolidated, should be tried together.
Where there are claims to be tried by a jury and claims not triable by jury, the evidence overlaps, and the jury is capable of understanding the various issues without confusion, one approach which serves both the interests of justice and judicial economy is for the jury to serve as an advisory jury on the equitable claims (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C4102:6, at 213). Those criteria are met in this case. Thus, the court, sua sponte, directs that the jury empaneled to hear the will contest portion of the consolidated proceeding shall serve as an advisory jury for the trust dispute (SCPA 502 [6]; CPLR 4212).

. Objectants could have commenced the trust proceeding in Surrogate’s Court originally but chose not to because they wished to obtain a temporary restraining order enjoining Mark from disposing of the trust assets during the pendency of the proceeding which relief they believed would be more readily available in Supreme Court. After that court declined to issue the TRO, objectants’ purpose for litigating in Supreme Court disappeared and they sought the removal.

. Although not relevant to the outcome of this proceeding, it is observed that neither of objectants’ jury demands for the trust proceeding were timely (SCPA 502 [2] [b]).

. Although there was no right at common law to a jury trial for probate of a will, a trial by jury was available to determine devolution of real property passing under a will (Corley v McElmeel, 149 NY 228). Thus, to the extent real property was held in a revocable trust, which does not appear to be the case here, there would be a constitutional right to a jury trial.

. It is possible that this proceeding might have been brought as a discovery proceeding if the court had permitted objectants to be appointed as fiduciaries for the purpose of pursuing such a proceeding (SCPA 702 [9]). In this court’s view, however, such a procedure would not be appropriate since the proceeding could be brought (as it in fact was) by the objectants individually and was in fact brought to establish their individual rights rather than to simply recover assets on behalf of the estate.

. Objectants have the burden of proof in the proceeding to set aside the trust but petitioners have the burden of proof on the issue of capacity in the probate proceeding (EPTL 3-2.1).

. The level of capacity required to avoid set aside of a will is lower than that required to avoid set aside of an irrevocable trust on the same grounds (see, Matter of ACN, 133 Misc 2d 1043). There appears to be no controlling authority as to which standard should apply to a revocable trust, although persuasive authority suggests that the will standard ought to apply to revocable trusts (Restatement [Third] of Trusts § 11 [2] [Tentative Draft No. 1]).

. CPLR 4503 (b) requires disclosure of information as to the preparation of, execution or revocation of will or other relevant instrument that otherwise would violate attorney-client privilege. Although the statute refers to will proceedings, it has been interpreted to include pour-over trusts (Matter of DiScala, NYLJ, May 20, 1986, at 14, col 6).