*717 OPINION OF THE COURT
Renee R. Roth, S.
At issue is whether there is a right to a jury in a proceeding to set aside a revocable trust created by a settlor who has since died.
Genevieve Tisdale died on October 6, 1995. Less than a year earlier, on December 15, 1994, Mrs. Tisdale allegedly executed two instruments, namely the revocable trust and a companion pour-over will. At testatrix’s death, the value of the trust was approximately $2.1 million; the value of the probate estate was under $400,000.
The trust agreement provides for payment of decedent’s estate taxes and expenses; makes dollar gifts ranging from $10,000 to $200,000 to various individuals, including decedent’s distributees; and disposes of the balance of the trust assets to specified charities. An amendment to the trust, dated July 31, 1995, changes some of the cash gifts.
The will provides that the net estate, other than tangibles, is payable to the trustee of the trust to be disposed of in accordance with its terms. The will goes on to incorporate by reference the terms of the trust in an effort to preserve those dispositions in the event the trust is found invalid.
The draftsman of both the trust and the will, Michael L. Mc-Dermott, is also the nominated fiduciary under each instrument. It is observed that Mr. McDermott, an Illinois attorney not admitted in New York, first met the then 86-year-old testatrix less than three months before she signed the instruments, raising the issue discussed in Matter of Weinstock (40 NY2d 1) and its progeny.
After the will was offered for probate, five of Mrs. Tisdale’s seven distributees, all nieces and nephews, filed objections to probate and brought this proceeding to set aside the trust. With respect to both proceedings, the distributees demanded a jury trial on their objections concerning execution, capacity, undue influence and fraud. In particular, the distributees alleged that many of the charitable beneficiaries named in the trust reflect Mr. McDermott’s intentions rather than the decedent’s. For example, 25% of the trust remainder is distributable to Spring Hill College in Mobile, Alabama (Mr. McDermott’s alma mater); 25% of the trust remainder is distributable to the Evans Scholars Foundation (Mr. McDermott is a trustee); 25% of the trust remainder is distributable to National Louis University located in the Chicago suburb *718 where Mr. McDermott lives; and $250,000 is distributable to Misericordia Home in Chicago. Objectants further claim that decedent was a "quintessential 'New Yorker’ residing on the Upper East Side of Manhattan for most of her adult life”.
Although it is clear that a probate contest may be tried before a jury (SCPA 502 [1]), the availability of such a trial in a proceeding to set aside a revocable trust is an important issue, which has received little attention until recently (see, e.g., Matter of Aronoff, 171 Misc 2d 172). One of the reasons is that these instruments, used as substitutes for wills, though increasingly popular in a few jurisdictions, such as Florida, have not caught on in New York (see generally, Barnosky, The Incredible Revocable Living Trust, 10 J of Suffolk Acad of L 1). In large part, the interest in revocable trusts stems from a desire to avoid the court supervision of estate administration that occurs in some . States that have adopted "common form” probate where interested parties either do not receive formal notice of the probate proceeding but have a period of time (usually several months) within which to appear and file objections or receive notice only after the will is admitted to probate, in which instance they also have a period of time to object to the instrument. States, like New York, where wills are admitted to probate only after notice to all interested parties in a formal proceeding ("solemn form” probate) do not require court supervision of estate administration and thus "avoiding probate” in such jurisdictions is not a particularly meaningful consideration. Therefore, absent special circumstances, revocable trusts in this State accomplish nothing more than wills.
The right to a jury in a civil trial in New York is either guaranteed under our Constitution or authorized by statute (SCPA 502 [1]; CPLR 4101). The constitutional guarantee extends to: (1) all matters traditionally triable before a jury in a court of law (i.e., actions at law), and (2) matters for which a right to trial by jury was created by statute through 1894 (NY Const, art I, § 2; see also, Hudson View II Assocs. v Gooden, 222 AD2d 163; 7A Carmody-Wait 2d, NY Prac §§ 49:1-49:5). Although the criteria for determining the right to a jury trial have been stated in several decisions (Matter of Garfield, 14 NY2d 251; Matter of Luria, 63 Misc 2d 675), their application continues to pose problems (see, e.g., Matter of Sackler, 222 AD2d 9; Connolly v Griffin, 201 AD2d 371; Matter of Grossman, NYLJ, Dec. 5, 1996, at 30, col 2; Matter of Springer, NYLJ, Oct. 20, 1994, at 26, col 3; Matter of Weinstein, NYLJ, Feb. 14, *719 1991, at 26, col 1). Indeed, such difficulty has even resulted in opposite decisions by our appellate courts on this issue on identical facts (compare, Compact Electra Corp. v Connell, 46 AD2d 649 [2d Dept] [defendant’s assertion of equitable counterclaims waived defendant’s right to a jury trial on plaintiffs claims], with International Playtex v CIS Leasing Corp., 115 AD2d 271 [4th Dept] [defendant’s assertion of equitable counterclaims did not waive defendant’s right to jury trial on plaintiffs claims]).
In the context of decedent’s estates, the only express statutory grant of a jury trial relates to probate proceedings (SCPA 502 [1]). However, the right to a jury trial also exists by constitutional guarantee for other proceedings that arise in the Surrogate’s Court, such as discovery proceedings (a statutory procedure by which a fiduciary may seek to reclaim property on behalf of an estate [Matter of Wilson, 252 NY 155]) and reverse discovery proceedings (a statutory procedure by which a claimant may seek to reclaim property from an estate [Matter of Schneier, 74 AD2d 22]). Furthermore, the constitutional guarantee has historically been construed to extend to proceedings that closely resemble those for which constitutional guarantee is unquestioned (Matter of Wisniewski, 88 Misc 2d 76 [right to jury trial exists for proceeding against fiduciary similar to, but not strictly speaking, a reverse discovery proceeding]). This substantive rather than procedural approach effectuates the principle that the right to a jury depends upon the nature of the relief requested rather than the forum or the label of the proceeding (Matter of Garfield, supra; Matter of Luria, supra).
Although some cases have held that a proceeding to set aside an instrument is equitable in nature and thus not triable by jury (Phoenix Mut. Life Ins. Co. v Conway, 11 NY2d 367; Dykman v United States Life Ins. Co., 176 NY 299), a proceeding to set aside a will may also be characterized as equitable in nature, and, as mentioned, is nonetheless triable by jury in New York (SCPA 502 [1]). However, to consider a revocable trust as a traditional instrument fails to recognize that it actually functions as a will since it is an ambulatory instrument that speaks at death to determine the disposition of the settlor’s property. While alive, a settlor may amend his or her revocable trust (as Mrs. Tisdale did in this case) just as he or she may change his or her will, without resort to the courts for equitable relief. Significantly, judicial proceedings with respect to a revocable trust would occur only after the settlor’s death at *720 the instigation of the settlor’s distributees, exactly the situation that arises in a will contest. Furthermore, the factual issues presented in such a proceeding áre the same as those presented in a proceeding to set aside a will.
Clearly, a revocable trust has little in common with instruments other than wills. Although such trust is established in the form of an "agreement”, it is really unilateral in nature because the negotiation that characterizes bilateral instruments is totally absent. The trustee of a revocable trust (if not the settlor) simply acts at the behest of the settlor. If the settlor becomes dissatisfied with the trustee or with the terms of the trust, he or she simply amends the trust to suit his or her desires. There is no need to invoke the equitable powers of the court to relieve the settlor of a bilateral obligation because there is none.
The substantial similarity between revocable trusts and wills (and the illusory concept of a revocable trust as a contract) mandates the conclusion that the nature of the relief requested in a proceeding to set aside a trust is the same as the nature of the relief requested in a proceeding to set aside a will. This alone requires the court to recognize the right to a jury trial in the instant proceeding in order to comply with the above-mentioned long-standing rule that the nature of the relief requested, rather than the forum or the label of the proceeding, determines the right to a jury (Matter of Garfield, supra; Matter of Luria, supra). The relatively recent use of revocable trusts as substitutes for wills explains why this issue was not addressed earlier. As a result, there is uncertainty (see, Matter of Aronoff, supra [with which this court respectfully disagrees]) and therefore legislation on this point is suggested.
It is further observed that a proceeding to set aside a revocable trust is like a discovery proceeding in that the relief sought is recovery of estate assets allegedly wrongfully transferred. Therefore, objectants could have been appointed limited temporary fiduciaries for the purpose of commencing a discovery proceeding against the nominated executor on the ground that such executor could not and would not pursue a claim against himself (SCPA 702 [10]) and in that way they would unquestionably be entitled to a jury trial. Alternatively, objectants could have commenced a reverse discovery proceeding under SCPA 2105 and cited controlling authority recognizing the right of persons interested in the estate to bring a proceeding where the fiduciary is not motivated to do so and to have such proceeding heard by a jury (Matter of Schneier, *721 supra; Matter of Wisniewski, supra). Form would enjoy a great victory over substance if the court distinguished between a proceeding to set aside a decedent’s revocable trust and a discovery proceeding, given that the same relief is sought in each, namely recovery of estate assets. Accordingly, to deny the right to a jury trial for such a proceeding might very well be unconstitutional.
Furthermore, indorsing a distinction between wills and revocable trusts for purposes of the right to a jury trial would create a host of unproductive incentives and practical difficulties, particularly in cases such as this one where the will and the trust were executed simultaneously and have the same provisions albeit by incorporation. One such difficulty would be the commencement of separate proceedings for the will and the trust in order to avoid the issue of waiver of the otherwise indisputable right to a jury trial in the will contest (CPLR 4102 [3]). Additionally, the factual questions and the evidence in all likelihood will be almost identical with respect to both instruments, a situation which may effectively allow for only one factual determination, either abrogating the right to a jury trial in the will contest (if the trust dispute is tried first) or resolving the trust dispute by giving effect to the jury’s determination in the will contest (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C4102:6, at 213). Finally, scheming perpetrators preying on elderly or infirm people could subvert distributees’ rights to a jury determination simply by utilizing a revocable trust rather than a will as a vehicle for their misdeeds.
Based upon all the foregoing, the motion to strike the jury demand in the proceeding to set aside the revocable trust is denied.