*335 OPINION OF THE COURT
Robert J. Gigante, S.
This pending proceeding to impose a constructive trust upon real property and proceeds from certain bank accounts transferred by the decedent to his siblings before his death was commenced in Richmond County Supreme Court in October 2003. By order of the Honorable Robert J. Gigante, J.S.C., dated August 30, 2004, this matter was transferred to the Surrogate’s Court, inasmuch as it related to the affairs of the decedent. Since that time, this matter has survived summary judgment motions brought first by the plaintiffs, and then by the defendants. A hearing on the remaining issues is scheduled to begin on March 26, 2008 ironically before the Honorable Robert J. Gigante, formerly Supreme Court Justice and currently the newly elected Surrogate of Richmond County.
Before the hearing, however, the court must first address defendant’s demand for a jury trial filed with the court on November 30, 2007 more than four years after this action was commenced in the Supreme Court. Specifically at issue is the timeliness of the demand, as well as defendant’s right to a jury trial herein. CPLR 4102 provides that any party may file a demand for a jury trial within 15 days after service upon him of a note of issue. A review of the court file, however, discloses that no note of issue was ever filed in Supreme Court. Indeed, discovery was not completed until after the matter was transferred to the Surrogate’s Court. Accordingly, CPLR 4102 would not prohibit defendant’s demand for a jury trial.
Furthermore, SCPA 502 (2) (b) which governs with respect to jury trials in the Surrogate’s Court provides that where a party in a Supreme Court action transferred to the Surrogate’s Court has not waived his right to a jury trial, such party must serve and file with this court a demand for a jury trial within 10 days after the service upon him of a copy of the order of transfer with notice of entry. Once again, however, a review of this matter discloses that the file is devoid of proof of service of an order of transfer with notice of entry. Accordingly, despite the inordinate amount of time that has expired since commencement of this action, defendant’s time to make a demand for a jury trial has not expired, and his demand would, therefore, be timely.
However, the court now turns its attention to defendant’s right to a jury trial. In 1964, the Court of Appeals in Matter of Garfield (14 NY2d 251 [1964]) settled the basic problem which *336 had troubled the surrogates for so many years. The Court determined that where the right to a jury trial is not granted by the New York State Constitution, it is the nature and substance of the claim for relief, not the court or the nature of the proceeding which determines the right to a jury trial in the Surrogate’s Court. Indeed, Surrogate Nathan Sobel in Matter of Luria (63 Misc 2d 675, 682 [1970]), stated:
“In each instance it must be determined whether the nature and substance of the relief requested is in law or in equity (O'Brien v Fitzgerald, 143 N. Y. 377). If in law and included among those cases where jury trial is historically mandated by the Constitution or by statute, a jury trial must be had on demand. If the relief demanded is traditionally cognizable in equity there is no right to trial by jury for none was available at common law (Van Rensselaer v Van Rensselaer, 113 N. Y. 207, 214).”
Clearly the claim herein to impress a trust on cash proceeds and real property would result in an award of money, and not in awarding title to specific property. The relief sought is therefore cognizable only in equity for which historically and traditionally no jury trial is available under any statute or the Constitution. The claim, therefore, is not one at law, but rather for equitable relief for which there is no right to a jury trial. Accordingly, the demand for a jury trial is hereby dismissed.