OPINION OF THE COURT
Anthony A. Scarping, Jr., S.
Before the court is the remaining portion of one of two actions transferred from Supreme Court, Westchester County, both of which emanate from a disputed sale of a certain ownership interest in The Plaza Apartments, Inc. (Plaza), a New York corporation established in 1961.
Defendants Plaza, Michael Avallone, and the personal representatives of the estates of Michael’s parents, Mario Avallone and Phyllis Avallone, have moved to strike the jury demand filed by plaintiff, the personal representative of the estates of Ruth Trípodo and Aldo Mazzarati. The motion, which plaintiff opposes, is granted.
Background
While the factual and procedural background of the instant action is fully set forth in the court’s decision and order dated *657 March 30, 2010 (March 2010 order), a brief recitation of the procedural history is warranted herein.
On or about April 10, 2005, plaintiff’s predecessors commenced the instant action in Supreme Court, Bronx County, seeking, inter alia, to rescind a stock purchase agreement executed in October 1999 by Aldo, purportedly acting as Ruth’s attorney-in-fact, and Michael (Agreement), pursuant to which Michael purchased Ruth’s 33.33% interest in Plaza. In July 2006, the action was transferred to the Supreme Court, Westchester County, which eventually consolidated it with another action involving these parties, which has since been resolved (consolidated actions).
In or about November 2006, plaintiff filed an amended complaint in the instant action setting forth the following causes of action: (i) rescission of the Agreement; (ii) breach of fiduciary duty by Mario and/or Michael, in several respects; (iii) unjust enrichment (by Michael); and (iv) a request for an accounting by Michael and/or Mario, as well as monetary damages. Defendants submitted an answer, wherein they denied substantially all of the allegations in the amended complaint and set forth numerous affirmative defenses.
In September 2008, following the completion of discovery, plaintiff moved, pursuant to CPLR 325 (e), to remove the consolidated actions to this court, without first having made a motion in this court, pursuant to SCPA 501 (1) (b), to have this court consent to receive them. Notably, plaintiffs motion papers did not contain a demand for a jury trial. By order dated November 7, 2008, with notice of entry, the Supreme Court, Westchester County (Lefkowitz, J.) granted the motion, and transferred the consolidated actions here.
In or about November 2009, plaintiff and defendants each moved for summary judgment as to the causes of action asserted in the amended complaint. By its March 2010 order, this court denied both motions. On July 14, 2010, plaintiff filed a note of issue, by which she has requested a jury trial of the pending causes of action.
Defendants now move to strike plaintiffs jury demand, alleging: (i) the demand is untimely; and (ii) plaintiff has effectively waived the right to demand a jury trial by the predominantly equitable nature of the relief sought in the amended complaint. In opposing the motion, plaintiff contends that her jury demand is timely under the applicable provisions of the CPLR and the provisions of SCPA 502 attendant to the timeliness of jury *658 demands are not applicable herein, since the action was not accepted for transfer here from the Supreme Court pursuant to the provisions of SCPA 501. Moreover, plaintiff contends that she is entitled to a jury trial, as the recent sale of the primary asset of Plaza has, in essence, rendered her equitable causes of action moot and relegated her solely to a potential award of monetary damages. The court agrees with both of defendants’ arguments and rejects plaintiffs contentions, and grants the motion, in all respects.
Applicable Law and Conclusions
Timeliness of Demand
In determining the timeliness of plaintiffs demand for a jury trial, the court must examine certain provisions of the CPLR and SCPA pertaining to transfers of actions from Supreme Court to Surrogate’s Court and the procedure by which a plaintiff must make a demand for a jury in both courts.
Turning first to the CPLR, as to transfers of actions from Supreme Court to Surrogate’s Court, CPLR 325 (e), upon which plaintiff relies, provides:
“Where an action pending in the supreme court affects the administration of a decedent’s estate which is within the jurisdiction of the surrogate’s court, the supreme court, upon motion, may remove the action to such surrogate’s court upon the prior order of the surrogate’s court. The right of jury trial shall be preserved in the subsequent proceedings.” (Emphasis added.)
Moreover, a plaintiff must affirmatively demand a trial by jury in an action pending in the Supreme Court, and, pursuant to CPLR 4102, the place to make that jury demand is in the note of issue (CPLR 4102 [a]; see Siegel, NY Prac § 378, at 638 [4th ed]). Additionally, any party served with a note of issue not containing a demand for a jury may file a jury demand within 15 days after being served with a note of issue (CPLR 4102 [a]).
By comparison, SCPA 501 (1) (b), which governs the transfer of actions from Supreme Court to Surrogate’s Court, provides, in pertinent part:
“1. The court may upon motion by any party . . .
“(b) [cjonsent to receive for trial any action pending in the supreme court which affects or relates to the administration of a decedent’s estate.’’(See also SCPA 209 [3] [powers incidental to jurisdiction of Surrogate’s Court include power to “receive *659 for trial any . . . action or proceeding pending in (Supreme Court) which may by order of (Supreme Court) be transferred to (Surrogate’s Court) on the prior order of (Surrogate’s Court”)].)
Moreover, SCPA 502 (2) (b), which governs demands for and/or waivers of a jury trial in matters transferred to Surrogate’s Court, provides, in pertinent part:
“In an action transferred to the [Surrogate’s Court] under [SCPA 501 (1)], a party who has duly demanded a trial by jury in the court from which the case is transferred shall be deemed to have duly demanded it in [the Surrogate’s Court]. If the party moving such transfer has not so demanded a trial hy jury and shall not have waived such right or his time to make such demand has not expired he shall do so in his moving papers.” (Emphasis added.)
In determining the applicability of the provisions of CPLR 325 (e) and/or SCPA 502 (2) (b) in matters transferred from Supreme Court to Surrogate’s Court regardless of whether an application has been made in Surrogate’s Court, pursuant to SCPA 501 (1), to accept the proposed transfer, the following commentary is instructive:
“SCPA 502(2)(b) governs the demand for a jury in cases transferred to the [Surrogate’s Court], as opposed to cases initiated in that court. It is important to grasp its requirements. The [Fourth Report of the Temporary State Commission on the Modernization, Revision & Simplification of the Law of Estates (‘Bennett Commission’)] note on SCPA 209 (3) indicates that what is now CPLR 325(e) is designed to ‘preserve’ trial by jury in transferred cases, but the cited CPLR provision does not govern. It is SCPA 502(2)(b) that governs as to demanding [a] jury trial in a transferred case (CPLR 101, SCPA 102), and under it a waiver of jury in the transferor court does carry over into the [Surrogate’s Court], . . . *660 transferor court carries over to the [Surrogate’s Court] and there is no right to trial by jury in the latter. . . .
*659 “If, pursuant to the procedures applicable in the transferor court, jury trial has been demanded in that court by a party, that party is entitled to trial by jury in the [Surrogate’s Court] without further demand. If no party has duly demanded it in the transferor court and the time in which to do so in that court has expired, the waiver effective in the
*660 “If the time in which to make the demand in the transferor court has not yet expired at the time the [transfer] motion is made, different conclusions apply:
“The party moving the transfer must demand the jury in the moving papers. The movant should do so no matter which court the motion is made in, and in both sets of motion papers in the event the movant is seeking to transfer under [SCPA] 501 (1) (b).” (Siegel and Connors, Practice Commentaries, McKinney’s Cons Laws of NY, Book 58A, SCPA 502, at 413-414 [emphasis added]; see also Wyckoff, 14A West’s McKinney’s Forms Estates and Surrogate Practice § 3:149.)
Initially, the court notes that plaintiffs failure to seek this court’s consent prior to making the motion to transfer the consolidated actions from Supreme Court to this court, as seemingly required by CPLR 325 (e), SCPA 209 (3), and/or SCPA 501 (1) (b), is of no consequence here, given the Supreme Court’s authority under the State Constitution to effect the transfer without this court’s prior consent (see NY Const, art VI, § 19 [a]; Birnbaum v Central Trust Co., 156 AD2d 309 [1989] [and cases cited]).
In any event, contrary to plaintiffs contentions, as the commentators indicate, SCPA 502 (2) (b) — not CPLR 325 (e)— controls here (see also Matter of Ruggiero, 19 Misc 3d 334, 335 [2008]), and since plaintiff failed to demand a jury trial when she moved in the Supreme Court to have the consolidated actions removed to this court, the court concludes that plaintiffs jury demand in the note of issue she filed in this court is untimely.
Nature of Relief Sought by Plaintiff
Additionally, the court finds that plaintiff is not entitled to a jury trial, based upon the nature of the relief sought in the amended complaint. The right to a jury trial is confined to cases where such right is provided by statute or the State Constitution (SCPA 502 [1]; CPLR 4101; see generally Matter of Aronoff, 171 Misc 2d 172, 174-175 [1996]). A plaintiffs deliberate joinder of claims for legal and equitable relief arising out of the same transaction amounts to a waiver of the right to demand a jury *661 trial (CPLR 4102 [c]; see Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr., 59 AD3d 481, 482 [2009] [and cases cited]), and the inclusion of a demand for money damages in the complaint does not, in and of itself, guarantee entitlement to a jury trial (see Zimmer-Masiello, Inc. v Zimmer, Inc., 164 AD2d 845 [1990]). Rather, the court must determine whether the main thrust of the action is for legal damages or for equitable relief (Trepuk v Frank, 104 AD2d 780 [1984]; see Phoenix Garden Rest. v Chu, 234 AD2d 233, 234 [1996]). In essence, it is only where monetary damages alone will afford full relief that inclusion of a demand for equitable relief in the complainant’s prayer for relief will not constitute a waiver of the right to a jury trial (see Hebranko v Bioline Labs., 149 AD2d 567, 568 [1989]; cf. Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr., supra; Miller v Doniger, 293 AD2d 282 [2002]).
In the instant case, plaintiff clearly seeks relief which is predominantly equitable in nature, to wit: rescission of the Agreement, recovery of damages for breach of fiduciary duty, unjust enrichment, and an accounting (see Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr., supra; Matter of Aronoff, supra [rescission]; Hudson View II Assoc. v Gooden, 222 AD2d 163, 169 [1996] [breach of fiduciary duty]; Nezry v Haven Ave. Owner LLC, 28 Misc 3d 1226[A], 2010 NY Slip Op 51506[U] [Sup Ct, NY County] [unjust enrichment]; Zimmer-Masiello, Inc. v Zimmer, Inc., supra; Trepuk v Frank, supra [accounting]). Thus, plaintiff has waived the right to a jury trial by the cumulative nature of the relief sought in her amended complaint.
Moreover, plaintiff has failed to establish how the recent sale of the apartment building which comprised Plaza’s primary asset has, in essence, rendered all of her equitable causes of action moot and relegated her to monetary damages, particularly when she still seeks an accounting from defendant Michael. Contrary to plaintiffs contentions, since the amended complaint does not “permit a judgment for a sum of money only,” the instant action is not triable before a jury (see CPLR 4101 [1]).
Accordingly, the motion is granted, and plaintiffs jury demand is hereby stricken from the note of issue.
Consolidation for Trial
By this order, the court, on its own initiative, hereby consolidates for a nonjury trial the instant action and the pending miscellaneous proceeding commenced pursuant to SCPA *662 2110 to fix and determine the reasonableness of counsel fees previously paid to Mario and/or Michael with respect to the legal services they allegedly performed on behalf of Ruth’s estate (File No. 1999-3138/A; see SCPA 501 [2] [a]).