■ MICRO PRECISION CORPORATION, Respondent, v. VINCENT BROCHI et al., Appellants, et al., Defendant.— The complaint in this action sets forth three causes of action. The first alleges that the three individual appellants, while they were employees of respondent in positions of trust, conspired to and did commit various wrongs against the respondent in furtherance of their own interests in a business enterprise established by them for the purpose of competing with respondent, for which purpose they organized appellant corporation, and that respondent has sustained money damages by reason thereof. Both the second and third causes repeat all the allegations of the first, except for the allegation that money damages were sustained. The second cause further alleges conversion of certain chattels, and the third alleges that respondent is entitled to an accounting. The relief sought is money damages on the first and second causes of action, and an accounting, an injunction and other incidental relief. Respondent caused the action to be put on the Special Term calendar for trial, following which an order was made, on motion by appellants, granting in part and denying in part said motion, which motion was (1) to strike out and cancel respondent's note of issue and (2) to strike the action from the equity calendar " and/or " to transfer it to the law calendar and permit appellants to demand a jury trial. The motion was granted to the extent of severing the second cause of action and transferring it to the law calendar and permitting appellants to demand a jury trial, and was otherwise denied. The appeal is from so much of the order as denied the motion to strike out and cancel the note of issue for the Special Term and to strike the action from the equity calendar. Order modified by striking from the first ordering paragraph the words " second cause of action is severed " and by substituting in place thereof " first and second causes of action are severed ". As so modified, order insofar as appealed from affirmed, with $10 costs and disbursements to appellants, with leave, if appellants be so advised, to demand a jury trial within 10 days after the entry of the order hereon and service of a notice upon them by respondent that the transfer of the first and second causes from the Special Term calendar to the Trial Term calendar has been effectuated by the calendar clerks. Appellants are entitled to a jury trial of the issues in the first and second causes of action, since those causes are for recovery of respective sums of money only (see Civ. Prac. Act, § 425), and may not be deprived thereof by inclusion in the complaint of the cause in equity, that is, the third cause of action (*Wheelock* v. *Lee,* 74 N. Y. 495, 500). Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ., concur.