■ MARTIN J. COYNE, Appellant, v. WILLIAM T. CAMPBELL, Respondent.— Case held for 30 days within which time the appellant must furnish a record which is adequate under the provisions of rules 232 and 234 of the Rules of Civil Practice to permit this court to review the questions presented. If the record is not received within such time, the appeal will be dismissed. Rule V-a of the Rules of the Appellate Division, Fourth Department has nothing to do with the settlement of the original record, it deals only with the dispensing with printing of part of the record. (Appeal by plaintiff from judgment of Ontario Trial Term for plaintiff in an automobile negligence action.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

■ HIRAM KORPECK et al., Respondents, v. BOARD OF EDUCATION OF PENFIELD CENTRAL SCHOOL DISTRICT No. 1, Appellant.— Order unanimously affirmed, without costs of this appeal to either party. (Appeal from order of Monroe Special Term denying motion of defendant to dismiss the complaint.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.

■ JOHN SUE et al., Doing Business as SUE OIL COMPANY, Respondents, v. DONALD W. HOMER et al., Appellants.— Memorandum: The only objection raised by the defendants-appellants to the order of reference in this case is that it deprives the defendants of the right to jury trial. The defendants state in their brief that "in the absence of such right, our argument becomes valueless, since our quarrel is not as to Court or Referee, but Court with or Court without Jury." The right to jury trial was waived by the defendants by the joinder in their answer of equitable counterclaims with their counterclaim at law for damages for fraud (*Di Menna* v. *Cooper & Evans Co.*, 220 N. Y. 391; *Liberty Bank of Buffalo* v. *Lansing*, 259 App. Div. 797). There therefore being no right to jury trial, we do not reach the question of whether a compulsory reference may be directed under section 466 of the Civil Practice Act, since, as the defendants indicate in their brief, it is immaterial to them whether the trial is held before a Judge or a Referee, so long as the court holds that they have no right to a jury trial. It may be suggested that the order has become moot, because of the death of the Official Referee and also because of the 60-day clause contained in the order, but the order should nevertheless be affirmed as establishing that the defendants-appellants have no right to a jury trial. (Appeal from an order of Cattaraugus Special Term granting a motion for an order of reference.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.