■ INTERNATIONAL PLAYTEX, INC., Appellant, v CIS LEASING CORP. et al., Respondents.—Order unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff's amended complaint alleges three causes of action. The first seeks rent due on the sublease of a computer; the second seeks damages and recovery of the computer because defendants fraudulently induced plaintiff to enter into the sublease; the third seeks the loss in value of the computer as agreed to in a marketing agreement. In addition to counterclaims alleging fraud and breach of contract, the defendants have asserted equitable counterclaims seeking rescission of the sublease and a judicial declaration that a letter agreement and the sublease were novations of a marketing agreement.

Plaintiff demanded a nonjury trial; the defendants demanded a jury trial. Plaintiff moved to strike defendants' demand on the ground that defendants' assertion of equitable counterclaims and defenses constituted a waiver of their right

to a jury trial on plaintiff's claim and on all legal counter-claims.

In our view, the defendants' assertion of related equitable claims should not operate as a complete waiver of the consti-tutional right to a jury trial on plaintiff's or defendants' legal claims. Although we recognize that the prevailing rule is that a defendant waives a jury trial on all legal claims, including a plaintiff's claim, by asserting equitable counterclaims which are based on the same transaction as the main claim (see, Hickland v Hickland, 100 AD2d 643, 644, appeal dismissed 63 NY2d 951; Lewis v Levick, 99 AD2d 659; Seneca v Novaro, 80 AD2d 909; Sue v Homer, 15 AD2d 729), it seems clear that under this rule defendants would be forced to start separate actions to assert their equitable counterclaims in order to avoid a waiver of their right to a jury trial in the main action. We decline to apply this rule here. We note that the jury verdicts on the legal causes of action may establish facts which will be held to be conclusively binding in the equitable counterclaims under the doctrine of collateral estoppel (see, Cowper Co. v Buffalo Hotel Dev. Venture, 99 AD2d 19; Siegel, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1964-1984 Supp Pamph, CPLR 4102, pp 85-88; Siegel, NY Prac § 378 [1978]). The need for a full relitigation of the equitable claims and the possibility of inconsistent results can be avoided by permitting the legal action and the equitable claims to be tried at the same time. As we indicated in Cowper Co. v Buffalo Hotel Dev. Venture (supra), the court could, in its discretion, allow defendants to have a conclusive jury verdict on the legal claims and an advisory verdict on the equitable claims. In our view such procedure could effectively avoid some of the problems inher-ent in cases of this kind. (Appeal from order of Supreme Court, Onondaga County, Donovan, J.—strike demand for jury trial.) Present—Hancock, Jr., J. P., Callahan, Denman, Boomer and Green, JJ.