■ CITIZENS CENTRAL BANK, a Division of CENTRAL TRUST COMPANY, Respondent, v JEAN FISHER, Appellant.—Order unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: On the eve of trial, plaintiff brought a motion to strike defendant's demand for a jury trial. Finding that all of defendant's defenses were equitable in nature, the court granted the motion. Insofar as the order denied the request for a jury trial on the first affirmative defense, the court erred.

Defendant and her son operate a family farm. The lawsuit arises out of a promissory note and guarantee which were executed by defendant in contemplation of a larger, underlying loan to defendant's son. Plaintiff later withdrew its commitment on the larger loan and now seeks to enforce the note and guarantee. Defendant asserted several defenses including one of contract construction, specifically that her obligations

were contingent upon plaintiff's continued willingness to grant the underlying loan.

It is well settled that a contract clear on its face involves only a question of law, and such a construction is a matter for the court *(West, Weir & Bartel v Carter Paint Co.,* 25 NY2d 535, *mod* 26 NY2d 969). However, where the meaning of the words is ambiguous or the sense in which the words are used or what the promisee reasonably believed the words to mean is ambiguous, there is a question for a jury "as, for example, where the obligation grew out of many letters between the parties permitting different inferences and as to which fair-minded and reasonable individuals might differ" (22 NY Jur 2d, Contracts, § 189, at 24-25). Thus, defendant argues, the words of the letter upon which she relied are such that a reasonable person in her position would have understood them to mean something different from what plaintiff asserts they mean. Under the circumstances, the first affirmative defense asserted by defendant is legal, not equitable. We emphasize that our determination of this appeal deals only with the narrow question of defendant's entitlement to a jury trial on her first affirmative defense. We thus have no occasion to pass upon the merits of this defense and make no judgment thereon, reserving this determination for the trial court or the jury as the proof requires.

We add only that defendant has not waived her right to a jury trial on her legal defense by asserting other equitable defenses *(see, International Playtex v CIS Leasing Corp.,* 115 AD2d 271). There is no danger of inconsistent verdicts because defendant will avoid liability by establishing any one of her affirmative defenses. Thus, the entire case may be tried before the jury, even though the court will, itself, decide the validity of the other affirmative defenses. (Appeal from order of Supreme Court, Wyoming County, Sprague, J.—strike demand for jury trial.) Present—Doerr, J. P., Denman, Green, Pine and Balio, JJ.