[644 NYS2d 512]

Hudson View II Associates et al., Appellants, v Wilfred G. Gooden et al., Respondents, et al., Defendants.

Hudson View II Associates et al., Appellants, v Wilfred G. Gooden et al., Respondents, et al., Defendants.

First Department, June 25, 1996

## APPEARANCES OF COUNSEL

*Kenneth G. Roberts* and *Carren Shulman* of counsel *(Lowenthal, Landau, Fischer & Bring, P. C.,* attorneys), for appellants.

*Phillip D. Miller* for respondents.

## OPINION OF THE COURT

ELLERIN, J.

The issue before us is the import of equitable defenses and/or counterclaims on defendants' right to a jury trial on plaintiffs' legal claims.

Plaintiffs are limited partnerships that own two Section 8 housing projects. They commenced this action to recover damages arising out of the alleged mismanagement of those buildings by defendants based on claims, *inter alia*, of breach of contract and conversion and seek to have the defendants-respondents removed as general partners and managing agents of the projects. In addition to raising both legal and equitable defenses to plaintiffs' causes of action, defendants asserted counterclaims for the recovery of the "reasonable commercial value" of services allegedly performed for plaintiffs as well as reimbursement for expenditures allegedly made for plaintiffs' benefit while defendants were engaged in managing the subject properties. Upon defendants' demand for a trial by jury, plaintiffs moved to strike the demand on the ground that defendants have no right to a jury trial on their equitable defenses and that, by asserting them, they have waived their right to a jury on plaintiffs' legal claims. Plaintiffs also argue that, even if defendants' assertion of equitable defenses did not act as a waiver, their assertion of equitable counterclaims along with their equitable defenses constituted such a waiver. The motion court denied plaintiffs' motion to strike the jury demand and *sua sponte* decided that the jury would serve in an advisory capacity with respect to any equitable claims and defenses.

Since the merger of law and equity, few situations remain in which the courts are required to make distinctions between what would once have been an action at law and what would have been a suit in equity. One of these situations is the determination of whether a litigant is entitled to a trial by jury,

since, generally, if a matter was historically cognizable at equity, where there were no juries, no right to a jury exists today. If, however, a matter would historically have been decided in the common-law courts before a jury, the right to a jury still exists.

The right to a trial by jury is governed by article I (§ 2) of the New York State Constitution, which decrees that a "[t]rial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever". This provision, enacted in 1938, is generally interpreted to mean that the guarantee extends to all matters to which the prior Constitution, enacted in 1894, extended the guarantee. This includes all matters to which a constitutional right attached at the time of adoption of the first Constitution in 1777, i.e., matters traditionally triable before a jury in a court of law or to which the right had been extended by statute prior to 1777, as well as any matters as to which a right to trial by jury was created by statute between 1777 and adoption of the 1894 Constitution (*Murphy v American Home Prods. Corp.*, 136 AD2d 229, 231; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ ¶ 4101.06— 4101.08; 7A Carmody-Wait 2d, NY Prac § 49:2; Kharas, *A Century of Law-Equity Merger in New York,* 1 Syracuse L Rev 186, 200).

The threshold issue in this case, i.e., a defendant's right to a jury trial on equitable defenses, was, in fact, the subject of a statute prior to the adoption of the 1894 Constitution. Section 968 of the Code of Civil Procedure, enacted in 1876, and the forerunner of CPLR 4101, provided that all questions of fact arising in actions for a sum of money only, for ejectment, for dower, for waste, for a nuisance or to recover a chattel were required to be tried by a jury, unless waived or referred. In 1925, Justice Cardozo, writing for the Court of Appeals and interpreting identical language which had been incorporated into the subsequently enacted Civil Practice Act, stated that this statutory mandate also covered questions of fact arising from equitable defenses addressed to the specified causes of action (*see, Susquehanna S. S. Co. v Andersen & Co.*, 239 NY 285, 295). Thus, with respect to actions enumerated in section 968, the right to a jury trial on the factual issues relating to equitable defenses would be constitutionally protected to the present time. However, this is not the case as to equitable defenses arising in actions not enumerated in section 968. While section 971 of that same Code of Civil Procedure *permitted* courts to submit to the jury questions of fact in other types of actions as

to which the parties were not entitled to a jury trial and, indeed, the custom developed to have all equitable defenses tried by juries (*supra; see also, Bennett v Edison Elec. Illuminating Co.*, 164 NY 131), since a jury trial was not statutorily mandated as to such matters, no constitutional protection would be afforded today.

The practice of submitting equitable defenses to a jury, whether by statutory mandate or as a matter of discretion, was eliminated by the enactment of that part of CPLR 4101 providing that "equitable defenses and equitable counterclaims shall be tried by the court" (*see, Mercantile & Gen. Reins. Co. v Colonial Assur. Co.*, 82 NY2d 248, 253). One of the purposes of this provision was to eliminate the previously existing different treatment of equitable counterclaims, which were always tried by the court, and equitable defenses, which, as noted *supra*, could in certain instances be tried by a jury. This disparate treatment created significant confusion since, in many instances, counterclaims and defenses were virtually indistinguishable and difficult to separately categorize (*see*, 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 4101.38; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 4101; 7A Carmody-Wait 2d, NY Prac § 49:48).

Parenthetically, it may be noted that despite the salutary purpose intended by CPLR 4101, the arguably unconstitutional deprivation of a jury trial for certain equitable defenses which were statutorily required to be tried by jury prior to the adoption of the 1894 Constitution has not gone completely unnoticed (*see*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 4101, at 191 ["the language of CPLR 4101 about equitable 'defenses' being triable by the court may be too sweeping, and run afoul of the constitutional right to trial by jury"]).

In the case before us, since the main thrust of plaintiffs' action, and the relief sought, do not fall within the categories specified in predecessor section 968 of the Code of Civil Procedure, there could be no constitutional impediment to finding that defendants' equitable defenses must be tried by the court in accordance with the dictates of CPLR 4101.

However, the critical question, and the crux of plaintiffs' argument, is not merely that defendants are not entitled to a jury trial as to these defenses, but whether, by raising them defendants have also waived their right to a jury trial on plaintiffs' legal claims.

Clearly, a waiver of a jury trial may under certain circumstances be imputed to a plaintiff who actually joins an equit-

able claim with a legal claim arising from the same transaction (CPLR 4102 [c]; *see*, *City of Syracuse v Hogan*, 234 NY 457; *Kaplan v Long Is. Univ.*, 116 AD2d 508, 509).* Moreover, as to the specific question of when a defendant waives its right to a jury trial, it has been held that, where a plaintiff brings a claim triable by jury and the defendant interposes both equitable defenses and counterclaims arising from the same transaction, the defendant waives a jury even on the main, legal, claim (*Seneca v Novaro*, 80 AD2d 909, 910; *Compact Electra Corp. v Connell*, 46 AD2d 649; *but see*, *International Playtex v CIS Leasing Corp.*, 115 AD2d 271; *Citizens Cent. Bank v Fisher*, 126 AD2d 968, 969; *see also*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C4102:6, at 213). It has also been held that where plaintiff brings a claim triable by jury and the defendant asserts a related counterclaim not triable by jury, defendant thereby waives a jury trial in all respects, including on the main claim. (*Seneca v Novaro*, *supra*, at 910, citing *Compact Electra Corp. v Connell*, *supra*.) Plaintiffs argue that this holding should similarly be extended to the raising of equitable defenses irrespective of whether or not equitable counterclaims are also involved.

We find, however, that such a waiver should not be imputed merely on the basis of raising equitable defenses. There is a significant distinction between defenses and counterclaims. The bringing of an equitable counterclaim is, at least theoretically, a voluntary act, from which a waiver may arguably be inferred. An equitable defense, on the contrary, as with any defense, must be raised now or forever be waived, and its assertion, which is necessarily dictated by the nature of plaintiffs' causes of action, cannot therefore be fairly characterized as voluntary in this context. For this reason, the mere assertion by defendants of equitable defenses could not fairly, without the concomitant assertion of equitable counterclaims, result in a waiver of the right to a jury.

Plaintiffs further contend, however, that, even if we were to find that the assertion of equitable defenses is not alone sufficient to constitute a waiver of defendants' right to a jury trial on plaintiffs' legal claims, in this case, their counterclaims also are equitable in nature, which would require a finding of waiver under *Seneca v Novaro* (*supra*).

---

* It should be pointed out that the fact that a plaintiff may have waived its own right to a jury trial by joining a legal claim with an equitable claim will not affect a defendant's entitlement to a jury trial on plaintiff's legal causes of action (4 Weinstein-Korn-Miller, NY Civ Prac ¶ 4101.37).

Generally, the determinant as to whether a claim is at law or at equity is the nature of the relief which, under the facts alleged, could fairly compensate the party bringing the claim (*Murphy v American Home Prods. Corp.*, 136 AD2d 229, *supra*). If money damages alone could achieve that end, the action is generally at law (*supra*).

In this case, it is not entirely clear from defendants' answer whether the damages sought under their counterclaims are claimed pursuant to provisions of the contracts between the parties, which defendants do not specifically refer to in setting forth their counterclaims, or whether defendants are seeking these amounts under the quasi-contractual theory of quantum meruit. However, under either theory, these counterclaims would be categorized as "legal", rather than "equitable", and their assertion would not deprive defendants of their right to a jury trial. A cause of action seeking money damages for breach of contract is quintessentially an action at law (*Motor Vehicle Mfrs. Assn. v State of New York*, 75 NY2d 175, 181). Moreover, even if defendants are not pursuing damages as prescribed by the contract, these causes of action, which still seek only money damages, are quasi-contractual in nature and would, therefore, also have been actions at law (Restatement of Restitution § 5; 12 Williston, Contracts § 1454, at 5 [3d ed]; Koffler and Reppy, Handbook of Common Law Pleading § 176, at 347-349; *see also*, *McDermott v City of New York*, 50 NY2d 211, 217, n 2; *Waxman v Williamson*, 256 NY 117, 120-121; *Roberts v Ely*, 113 NY 128, 131-132). This is so notwithstanding that the rationale underlying such causes of action is fairness and equitable principles in a general, rather than legal, sense (*Bradkin v Leverton*, 26 NY2d 192, 197; *Miller v Schloss*, 218 NY 400, 407-408). To the extent that *Connolly v Griffin* (201 AD2d 371) is to the contrary, we decline to follow it. Of course, if defendants had sought the restitution of specific property, their causes would properly be characterized as at equity. Here, however, defendants seek damages only for the value of services and actual expenditures made by them, wholly legal causes of action predicated on principles of contract and/or quasi-contract (*see, Farash v Sykes Datatronics*, 59 NY2d 500, 505-506).

Since defendants' counterclaims are not "equitable" within the contemplation of CPLR 4101, defendants, by asserting their counterclaims, have not waived their right to a jury trial on plaintiffs' legal claims.

Finally, it should be noted that, regardless of the fact that we find no jury waiver by defendants with respect to plaintiffs'

legal claims, defendants concede that they are not entitled to a jury trial on those of plaintiffs' claims which are equitable in nature (*see, Vinlis Constr. Co. v Roreck*, 23 AD2d 895), including the cause of action seeking to remove defendants as partners based on their alleged breach of fiduciary duty (*see, Matter of Rappaport*, 150 AD2d 779; *Matter of Coyle*, 34 AD2d 612). Nor, as indicated, are they entitled to a jury trial on their equitable defenses. However, we agree with the motion court that these claims are so intertwined with the legal claims as to make one trial of all the causes of action appropriate (*see, Cowper Co. v Buffalo Hotel Dev. Venture*, 99 AD2d 19, 23), providing that the jury serves exclusively in an advisory capacity as to those issues of fact which relate solely to the equitable claims (*see, Mercantile & Gen. Reins. Co. v Colonial Assur. Co.*, 82 NY2d 248, *supra*).

Wherefore, the order of the Supreme Court, New York County (Walter Tolub, J.), entered May 25, 1995, which denied plaintiffs' motion to strike a jury demand and *sua sponte* determined that the jury would serve in an advisory capacity as to equitable claims, should be unanimously affirmed, without costs.

ROSENBERGER, J. P., WILLIAMS, TOM and MAZZARELLI, JJ., concur.

Order, Supreme Court, New York County, entered May 25, 1995, affirmed, without costs.