MERCY COMMUNITY HOSPITAL, Appellant-Respondent, v CANNON DESIGN, INC., Respondent-Appellant. [652 NYS2d 87] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals (1) from a decision of the Supreme Court, Orange County (Green, J.), dated September 12, 1995, which determined its post-trial motion for litigation expenses, including reasonable attorneys' fees, and (2) as limited by its brief, from so much of an order and judgment (one paper) of the same court, dated October 3, 1995, as denied its post-trial motion for litigation expenses, and the defendant cross-appeals, as limited by its brief, from so much of the order and judgment as, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $1,889,200.

Ordered that the appeal from the decision dated September 12, 1995, is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Co.,* 100 AD2d 509); and it is further,

Ordered that the order and judgment is modified, on the law, by deleting the provision thereof which denied the plaintiff's post-trial motion for litigation expenses, including attorneys' fees, and substituting therefor a provision granting the motion; as so modified, the order and judgment is affirmed insofar as appealed and cross-appealed from, and the matter is remitted to the Supreme Court, Orange County, for a jury trial on the issue of the amount of litigation expenses, including reasonable attorneys' fees, to be awarded; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Under the circumstances of this case the Trial Judge did not err in reading the definition in Black's Law Dictionary of "investigate" to the jury in response to the jury's note advising that it was unable to arrive at a decision with respect to the third interrogatory submitted to it. On the record before us, the court's action did not usurp the jury's fact-finding function in determining whether the defendant, Cannon Design, Inc. (hereinafter Cannon), breached its contractual duty. The instructions to the jury did not confuse or incompletely convey

the germane legal principles to be applied in the case (*see, J. R. Loftus, Inc. v White*, 85 NY2d 874).

Further, Cannon's claim that the jury verdict cannot be sustained on any fair interpretation of the evidence is without merit inasmuch as the evidence presented at trial was not so greatly in Cannon's favor that the jury could not have reached its conclusion on any fair interpretation of the evidence (*Grassi v Ulrich*, 87 NY2d 954).

The Supreme Court erred in ruling that the plaintiff had impermissibly "split * * * [its] cause of action" to recover damages for breach of contract with respect to recovery of litigation expenses, including attorneys' fees. Inasmuch as the court had instructed the plaintiff's counsel not to raise this issue before the jury, it cannot be said that the plaintiff had chosen the procedural course resulting in the splitting of its cause of action (*cf., Century Factors v New Plan Realty Corp.*, 41 NY2d 1040). Under the broad provisions of Article 20.5 of the contract the plaintiff was entitled to recover litigation expenses, including reasonable attorneys' fees. Since the issue of reasonable attorneys' fees is a proper one for a jury to decide (*see, Martin, Van de Walle, Guarino & Donohue v Yohay*, 149 AD2d 477; *Chase Manhattan Bank v Kalikow*, 143 AD2d 557), this matter must be remitted to the Supreme Court, Orange County, for a jury trial on this issue. Rosenblatt, J. P., O'Brien, Thompson and Luciano, JJ., concur.