◼ In the Matter of the Estate of ISRAEL HOFFMAN, Deceased. EDITH M. HOFFMAN, Appellant; SCHWARTZ, WEISS, STECKLER, HOFFMAN & HADE, P. C., et al., Respondents. [712 NYS2d 165] —In a proceeding pursuant to SCPA 2103 to discover property withheld from a decedent's estate, the petitioner appeals from so much of an order of the Surrogate's Court, Westchester County (Emanuelli, S.), dated December 1, 1998, as granted that branch of the cross motion of Alan Schwartz and Schwartz, Weiss, Steckler, Hoffman & Hade, P. C., which was for partial summary judgment dismissing the cause of action to recover accrued interest upon a sum due to the decedent for breach of contract.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the cross motion which was for partial summary judgment dismissing the cause of action to recover accrued interest is denied, and that cause of action is reinstated.

On September 15, 1989, the decedent, a prominent attorney, entered into an agreement with the respondents which required them to employ him for a period of four years at a monthly salary, and to reimburse him for certain office expenses. It is undisputed that the respondents failed to make all of the payments due under the agreement, and at the time of the decedent's death in June 1996, the respondents owed him the principal sum of $1,043,353.74. The petitioner, as executrix of the decedent's estate, subsequently commenced this proceeding seeking, *inter alia*, to recover the principal sum due under the agreement plus accrued interest. After the commencement of the proceeding, the respondents tendered payment of the outstanding principal balance, which the petitioner accepted without prejudice to her claim for accrued interest.

On appeal, the petitioner contends that the Surrogate's Court erred in dismissing her claim for interest on the principal sum that the respondents owed the decedent for salary and office expenses. We agree. Since the petitioner's claim against the respondents is essentially in the nature of breach of contract, she has a statutory right to an award of interest pursuant to CPLR 5001 (a) (*see, Ogletree, Deakins, Nash, Smoak & Stewart v Albany Steel,* 243 AD2d 877; *Hudson View II Assocs. v Gooden,* 222 AD2d 163, 168; *Matter of Kummer,* 93 AD2d 135, 183). Moreover, the respondents' tender of payment after the commencement of litigation did not defeat the petitioner's statutory rights under CPLR 5001 because she accepted the

tender without prejudice to her claim for interest (*cf., Grossman v Pendant Realty Corp.,* 221 AD2d 240). Accordingly, the petitioner's cause of action for accrued interest should be reinstated, and the amount of interest to which she is entitled must be fixed by the Surrogate's Court upon the issuance of a final decree in this proceeding. Ritter, J. P., Thompson, Krausman and Goldstein, JJ., concur.