OPINION OF THE COURT
Thomas P. Aliotta, J.
Plaintiff moves for an order pursuant to CPLR 4102 directing that the jury demand filed by Pamela Chan as defendant in action No. 1 and plaintiff in action No. 2 be stricken. Defendant in action No. 1 and plaintiff in action No. 2 opposes said motion.
These actions were consolidated for the purposes of a joint trial by order of the Honorable Alice Schlesinger on August 13, 2002. The Judge directed that both actions be heard for all purposes in Richmond County. Defendant Chan filed a jury demand in action No. 1 on July 11, 2003 and on June 30, 2003 in action No. 2. Plaintiff in action No. 1 argues that Chan is not entitled to a trial by jury because she effectively waived her right to a jury and that the interposition of a jury would be contrary to statute and case law.
Action No. 1 is an action seeking payment of an outstanding attorney’s fee in the matter of Solomon v Solomon. Action No. 2 is a legal malpractice claim brought against Behrins & Behrins, PC., based upon their representation of Ms. Chan in her divorce proceeding, the case of Solomon v Solomon. She claims that the Behrins firm failed to have child support properly computed, failed to establish Chan’s alleged right to enhanced earning capacity afforded her husband, Michael Solomon, as a result of his completing an additional 32 credits toward an MBA, failed to safeguard certain property allegedly owned by Chan and converted certain sums of money that were held by Behrins in escrow which were applied to Behrins’ legal fee. Plaintiff claims that the equitable nature of these issues prevents their determination by a jury. Further, Behrins & Behrins, EC. argues that Chan has waived her right to a jury on any other issues by bringing an equitable counterclaim in this matter.
By her opposition, Ms. Chan argues that she served her jury demand in action No. 1 on July 11, 2003 and in action No. 2 on June 30, 2003. There is no dispute that these demands were served timely. Because both action No. 1, an alleged breach of contract, and action No. 2, a legal malpractice claim, are proper subjects for a jury’s determination, Chan claims that her jury demands are allowable and that plaintiff’s motion must be denied.
*245 There is no dispute that action No. 1 is a matter eligible to be decided by a jury. Action No. 2, a legal malpractice claim, is ordinarily an appropriate subject for jury verdict also. However, considerations arise herein where the underlying disputed case outcome concerns equitable distribution in a matrimonial action.
Legal malpractice actions have been described as a “lawsuit within a lawsuit” because it is incumbent upon the jury to first determine the hypothetical outcome of the underlying matter before turning to the question of whether the attorney committed malpractice (see, Cramer v Englert, 289 AD2d 617, 617 [2001]; see also, McKenna v Forsyth & Forsyth, 280 AD2d 79 [2001]). Although there is a right to a jury trial with respect to the issue of divorce, equitable powers of the court determine all other matters incidental to the matrimonial proceeding, including equitable distribution and related disputes involving the division of marital property pursuant to Domestic Relations Law § 236 (B). These are matters of equity (see, Mandel v Mandel, 109 Misc 2d 1 [1981]). It is therefore within the purview of the court to decide these issues in a subsequent legal malpractice claim. In the instant matter, it is determined that the equitable and legal claims in the case of Solomon v Solomon and the legal malpractice claims are so intertwined as to render one nonjury trial on all causes of action therein appropriate (Hudson View II Assoc. v Gooden, 222 AD2d 163 [1996]).
Herein, the trial court must review the record of the initial determination of equitable distribution in Solomon v Solomon, ascertain if available evidence was not presented to the court in that trial and decide if the additional evidence would have changed the result to Ms. Chan’s advantage (see, Lindenman v Kreitzer, 7 AD3d 30 [2004]). If Ms. Chan is successful on that point, she will then proceed with her proof on the issue of Behrins’ negligence. While this phase would ordinarily be a jury matter, any subsequent assessment of damages, i.e., the difference between the existing equitable distribution award and the new one determined by the trial court would be a matter for the court. The intertwining of all of these issues compels a single trial before the court.
Where a party interposes an equitable counterclaim, he waives his right to a jury on the legal claim as well (CPLR 4102). This is so because statutory and applicable New York State case law indicates that counterclaims are voluntary actions from which waiver of the jury demand may be inferred (see, Hudson View II *246 Assoc. v Gooden, supra at 167; see also, Seneca v Novaro, 80 AD2d 909 [1981]). In such a case, even withdrawal of the equitable claims does not revive a party’s right to a jury trial (Whipple v Trail Props., 261 AD2d 470 [1999]). It is immaterial whether a party demands a jury where there are equitable counterclaims because such a demand cannot confer a right to trial by jury (Menado Corp. v Indemnity Ins. Co. of N. Am., 53 Misc 2d 533 [1967]; Matter of Johnson, 46 Misc 2d 285 [1965]). Thus, the jury demand in action No. 1 must also be stricken.
Accordingly, plaintiffs motion is granted in full. The trial court will hear and decide the underlying equitable case, the legal malpractice claim thereon, and plaintiffs cause of action for legal fees.