■ BEHRINS & BEHRINS, P.C., Respondent, v PAMELA CHAN, Appellant. (Action No. 1.) PAMELA CHAN, Appellant, v BEHRINS & BEHRINS, P.C., Respondent. (Action No. 2.) [791 NYS2d 566]—

In two related actions, inter alia, to recover damages for breach of contract in connection with legal services rendered to the appellant, Pamela Chan, in a matrimonial action and to recover damages for legal malpractice in connection with the legal services rendered in that action, which were joined for trial, Pamela Chan, the defendant in action No. 1 and the plaintiff in action No. 2, appeals from an order of the Supreme Court, Richmond County (Aliotta, J.), dated September 1, 2004, which granted the motion of Behrins & Behrins, P.C., the plaintiff in action No. 1 and the defendant in action No. 2, to strike her demand in each action for a jury trial.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the demands for a jury trial are reinstated.

It is undisputed that the two actions involved in this matter are both actions at law seeking money judgments only. Thus, the appellant is entitled to a jury trial in both actions and the Supreme Court should not have stricken her demands therefor (*see Mercy Community Hosp. v Cannon Design,* 235 AD2d 405 [1997]; *Matter of Sackler,* 222 AD2d 9, 12-13 [1996]; *Sherman v Ansell,* 207 AD2d 537 [1994]; *Longo v Adirondack Drilling,* 14 AD2d 476 [1961]; *Micro Precision Corp. v Brochi,* 4 AD2d 697 [1957]; *see generally* NY Const, art I, § 2; CPLR 4101; *Hudson View II Assoc. v Gooden,* 222 AD2d 163, 165-167 [1996]). That the jury may also incidentally have to examine the prior equit-

able distribution award by the Supreme Court in the appellant's divorce action is irrelevant since the jury is not being called upon to change the prior distribution of the assets of the appellant and her former husband. Florio, J.P., Krausman, Goldstein and Mastro, JJ., concur. [*See* 5 Misc 3d 243.]