10-4343-cv
Stillman v. InService Am., Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of January, two thousand twelve.

PRESENT:   JOSEPH M. McLAUGHLIN,
           GUIDO CALABRESI
           REENA RAGGI,
                   *Circuit Judges.*

-----------------------------------------------------------------------
DONALD H. STILLMAN, JR.,
                   *Plaintiff-Appellee*,


                   v.                                    No. 10-4343-cv

InSERVICE AMERICA, INC., WILDFIRE PARTNERS, INC.,
                   *Defendants-Appellants*,

CARL TOWNSEND,
                   *Defendant*.
-----------------------------------------------------------------------
APPEARING FOR APPELLANTS:      MARC JONAS BLOCK, Kucker & Bruh, LLP, New York, New York.

APPEARING FOR APPELLEE:        WILLIAM A. MEEHAN, Slutsky, McMorris & Meehan, LLP, Wilton, Connecticut.


Appeal from a judgment of the United States District Court for the Southern District of New York (William H. Pauley, III, *Judge*; Gabriel W. Gorenstein, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 27, 2010, is AFFIRMED.

Defendants InService America, Inc. ("InService") and Wildfire Partners, Inc. ("Wildfire") appeal from a $197,463.94 judgment after trial for plaintiff Donald Stillman on his quantum meruit claim for the reasonable value of services performed. Defendants identify error in the district court's (1) evidentiary rulings, (2) jury instructions, and (3) award of pre-judgment interest. We assume the parties' familiarity with the facts and record of prior proceedings, referencing them only as necessary to explain our decision to affirm.[1]

1.      Evidence of Contracts and Negotiations

Defendants argue that the district court erred in admitting evidence of an unenforceable oral employment contract and negotiations. "We review a district court's evidentiary rulings for abuse of discretion, and will reverse only if an erroneous ruling affected a party's substantial rights." Marcic v. Reinauer Transp. Cos., 397 F.3d 120, 124 (2d Cir. 2005). That is not this case.

Insofar as the district court initially admitted the challenged evidence as relevant to proving the value of Stillman's services, it later acknowledged that precedent is to the contrary. See Revson v. Cinque & Cinque, P.C., 221 F.3d 59, 69 (2d Cir. 2000); Zaitsev v. Salomon Bros., Inc., 60 F.3d 1001, 1004 (2d Cir. 1995); Longo v. Shore & Reich, Ltd., 25

_____

[1] Because defendants clarified at argument that their jury-trial challenge is relevant only in the event of vacatur and remand, our decision to affirm the judgment makes it unnecessary for us to decide whether a quantum meruit claim is an action at law for purposes of the Seventh Amendment's jury-trial guarantee.

F.3d 94, 97 (2d Cir. 1994). This error was nevertheless harmless because the contract and negotiations evidence was admissible to rebut defendants' theory at trial that plaintiff was barred from recovering in quantum meruit by N.Y. Gen. Oblig. Law § 5-701(a)(10) because he was a "broker" or "finder." The challenged evidence tended to show that Stillman was in fact hired as an employee or officer of InService and Wildfire, rather than a broker or finder. Further, the district court ensured against any prejudicial consideration of the evidence by instructing the jury that "any contract between Mr. Stillman and defendants cannot be considered by you as evidence of the reasonable value of his services." Trial Tr. at 806:12–14.

Defendants submit that the limiting instruction was too narrow to avoid prejudice because it failed specifically to instruct the jury not to consider contract negotiations as well as any contract in determining the reasonable value of plaintiff's services.[2] While defendants initially sought such an instruction, they did not pursue it in the colloquy wherein the district court discussed its proposed charge with the parties. Indeed, after the district court modified its charge in response to defendants' voiced concerns, defendants signaled apparent satisfaction by stating "OK." Trial Tr. at 709:8.

---

[2] Defendants' attempt to prove prejudice by reference to post-trial statements by certain jurors to defense counsel, fails in light of Fed. R. Evid. 606(b) (prohibiting jurors from testifying as to "any statement made or incident that occurred during the jury's deliberations" or as to jurors' "mental processes" in reaching verdict). The exception for a juror's testimony relating to the "impermissible influence" of outside information on the jury's deliberations, does not permit inquiry into the jury's adherence to limiting instructions in the review of evidence. United States v. Stewart, 433 F.3d 273, 306–08 (2d Cir. 2006).

Under these circumstances, we conclude that defendants forfeited any claim that the challenged instruction was too narrow in referencing only the oral contract and not the accompanying negotiations.  See Fed. R. Civ. P. 51.  In any event, the claimed error was not "fundamental" so as to require a new trial.  Innomed Labs, LLC v. ALZA Corp., 368 F.3d 148, 155 (2d Cir. 2004).

2.     Nominal Damages Instruction

Defendants complain of the district court's failure to instruct the jury on its ability to award nominal damages.  Although defendants proposed a nominal damages instruction in the parties' joint request to charge—seven months before trial—they never again raised it with the district court.  Specifically, they did not raise it at the charging conference.  Accordingly, we review the district court's failure to give a nominal damages instruction for fundamental error, see Shade v. Hous. Auth. of City of New Haven, 251 F.3d 307, 312–13 (2d Cir. 2001); cf. United States v. Crowley, 318 F.3d 401, 413 (2d Cir. 2003) (applying Fed. R. Crim. P. 30 and holding that "the mere fact that a defendant submitted his proposed language as part of a requested charge does not in itself preserve the point for appeal"), and identify none here.

3.     Veil-Piercing Claim

Defendants argue that the district court erred in instructing the jury on Stillman's claim that Wildfire was InService's alter ego because that theory was not pleaded in plaintiff's amended complaint.  Further, they contend that it would have been an abuse of discretion for the district court to allow plaintiff to amend the amended complaint to allege veil piercing.

4

Defendants' arguments, in effect, challenge the sufficiency of the amended complaint. Even if we were to conclude that Stillman's amended complaint failed to allege veil-piercing claims, the district court acted well within its broad discretion under Fed. R. Civ. P. 15(b)(1) to conform the amended complaint to include a veil-piercing claim in response to defendants' objection at trial. Defendants cannot plausibly claim they were prejudiced by such an amendment because they were on notice that Stillman intended to pursue a veil-piercing theory from at least July 1, 2009, when Stillman submitted his first request to charge the jury on veil piercing, and they had within their custody and control all documents and witnesses relevant to rebutting Stillman's veil-piercing claim. See Cruz v. Coach Stores, Inc., 202 F.3d 560, 569 (2d Cir. 2000) (holding that opponent claiming prejudice from Rule 15(b) amendment must show that "a party's failure to plead an issue it later presented must have disadvantaged its opponent in presenting its case" (internal quotation marks omitted)). Further, defendants implicitly consented to trial on Stillman's veil-piercing claim by failing to object to the proposed jury charge despite the district court's specific invitation to do so. See Fed. R. Civ. P. 15(b)(2).

4.      Pre-Judgment Interest

Defendants submit that the district court misconstrued N.Y. C.P.L.R. 5001(a), to require an award of pre-judgment interest, arguing that Stillman prevailed on a claim "of an equitable nature" for which pre-judgment interest is discretionary. N.Y. C.P.L.R. 5001(a). We have previously held that a plaintiff who succeeds on a quasi-contract or implied-contract claim is entitled to pre-judgment interest under C.P.L.R. 5001(a), see United States Fire Ins.

Co. v. Federal Ins. Co., 858 F.2d 882, 887-89 (2d Cir. 1988), and New York courts have held that a quantum meruit claim is a theory of quasi-contract, see Hudson View II Assocs. v. Gooden, 222 A.D.2d 163, 168, 644 N.Y.S.2d 512, 516 (1st Dep't 1996). Although defendants direct us to a recent Third Department case stating, without discussion, that pre-judgment interest on a quantum meruit claim is discretionary, see Precision Founds. v. Ives, 4 A.D.3d 589, 593, 772 N.Y.S.2d 116, 120 (3d Dep't 2004), we are not persuaded that the New York Court of Appeals would reach that same conclusion, see Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris USA Inc., 344 F.3d 211, 221 (2d Cir. 2003) (stating that "as a general matter, [w]e are bound . . . to apply the law as interpreted by New York's intermediate appellate courts . . . unless we find persuasive evidence that the New York Court of Appeals, which has not ruled on this issue, would reach a different conclusion" (internal quotation marks omitted, omissions and modifications in original)). Rather, we conclude that the New York Court of Appeals would likely agree with the reasoned analysis set forth in cases holding that pre-judgment interest on quantum meruit claims is mandatory under C.P.L.R. 5001(a). See Tesser v. Allboro Equip. Co., 73 A.D.3d 1023, 1027-28, 904 N.Y.S.2d 701, 705 (2d Dep't 2010); Ogletree, Deakins, Nash, Smoak & Stewart, P.C. v. Albany Steel, Inc., 243 A.D.2d 877, 879, 663 N.Y.S.2d 313, 315 (3d Dep't 1997) ("Plaintiff's quantum meruit action is essentially an action at law, inasmuch as it seeks money damages in the nature of a breach of contract, 'notwithstanding that the rationale underlying such causes of action is fairness and equitable principles in a general rather than legal, sense.'" (quoting Hudson View II Assocs. v. Gooden, 222 A.D.2d at 168, 644 N.Y.S.2d at 516)). Accordingly, we identify no error in the interest award.

6

5.     Conclusion

    We have considered defendants' remaining arguments on appeal and conclude that they are without merit.  Accordingly, the judgment is AFFIRMED.

        FOR THE COURT:
        CATHERINE O'HAGAN WOLFE, Clerk of Court