Howard Kagan, Appellant, v HMC-New York, Inc., et al., Defendants, and Harbinger Capital Partners GP, LLC, et al., Respondents. [954 NYS2d 33]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered March 1, 2011, which denied plaintiff's motion for summary judgment awarding him prejudgment interest, unanimously reversed, on the law, with costs, and the motion

granted. The Clerk is directed to enter judgment awarding plaintiff the sum of $3,277,422, representing the interest that accrued until October 4, 2010. Appeal from order, same court and Justice, entered June 16, 2011, which denied plaintiff's motion to amend the complaint to add an additional claim for breach of contract based on the delay in payment of his compensation, unanimously dismissed, without costs, as moot. Order, same court and Justice, entered December 5, 2011, as amended by orders entered December 15, 2011 and December 21, 2011, which denied plaintiff's motion for summary judgment and granted defendants' cross motion for summary judgment dismissing the complaint, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered January 30, 2012, which so-ordered stipulated corrections to the transcript of oral argument of the motions for summary judgment, unanimously dismissed, without costs, as taken from a nonappealable paper. Order, same court and Justice, entered May 15, 2012, which denied plaintiff's motion to renew, unanimously affirmed, with costs.

As defendants essentially concede, plaintiff is entitled to prejudgment interest on the withheld compensation they admittedly owed and in fact paid on October 4, 2010; in stipulating to settle for a portion of the principal amount, plaintiff reserved his rights (see Matter of Hoffman, 275 AD2d 372 [2d Dept 2000]).

The court correctly interpreted the agreements governing the valuation and payment of plaintiff's compensation. There is no conflict in the time for payment provisions for the "Excess Withheld Amount," since "payment date" is clearly a term of art that did not mean the date required for actual payment; there is no conflict with the requirement that payment be made "promptly." Although plaintiff was not an investor in the Onshore Fund or a party to its limited partnership agreement, the 90-day redemption notice provision applied to his interest in the fund. Thus, the earliest end-of-quarter date that payment of his interest could be made after his August 27, 2008 termination without cause was December 31, 2008.

Contrary to plaintiff's contention, the governing agreements do not obligate defendants to convert the illiquid securities held on his behalf to cash.

The court correctly found that the new evidence plaintiff submitted in support of renewal would not have altered the prior determinations.

We have considered plaintiff's other contentions and find them unavailing. Concur—Tom, J.P., Andrias, Renwick, DeGrasse and Richter, JJ.