Appeal and cross appeal from an order of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered November 17, 2016. The order, among other things, denied the motion of plaintiff to strike defendants’ demand for a jury trial and denied the motion of defendants for partial summary judgment and bifurcation.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: Plaintiff, the owner of real property located in the Town of Pittsford, commenced this action alleging, inter alia, causes of action for negligence, trespass, private nuisance and public nuisance against defendants, who own and operate a neighboring office park. Plaintiff alleges that defendants improperly and unlawfully diverted storm water onto plaintiff’s property and proximately caused the spread of contaminants, which resulted in a $1.7 million increase in the cost of plaintiff’s Brownfield Cleanup Program project. Defendants appeal and plaintiff cross-appeals from an order that, inter alia, denied defendants’ motion for partial summary judgment limiting the amount of damages or, in the alternative, bifurcation of the trial, and denied plaintiff’s motion to strike defendants’ demand for a jury trial. We affirm.
 

 At the outset, we agree with defendants that Supreme Court erred in determining that their motion was an improper successive motion for summary judgment. Plaintiff and defendants entered into a stipulation, which the court approved and reduced to a written order, that explicitly authorized defendants’ motion to limit the amount of damages and thus provided the requisite “sufficient cause” for the motion (Sexstone v Amato, 8 AD3d 1116, 1116 [2004], Iv denied 3 NY3d 609 [2004] [internal quotation marks omitted]; see Rupert v Gates & Adams, EG, 83 AD3d 1393, 1395 [2011]).
 

 Nevertheless, the court considered the merits of defendants’ motion, and we conclude that the court properly refused to prospectively limit plaintiff’s damages to $250,000 based on a 2007 bankruptcy sale stipulation in which plaintiff agreed that the property would be assessed at that amount for tax purposes. Defendants’ assertion that the 2007 stipulation fixed the market value of the property at $250,000 confuses assessed value with market value, and the law “clearly distinguishes between an assessment or assessed value on the one hand, and the full market value or full value of the property on the other” (Matter of Briffel v County of Nassau, 31 AD3d 79, 83 [2006], affd 8 NY3d 249 [2007]). We note that “the purpose of awarding damages in a tort action is to make the plaintiff whole” (Franklin Corp. v Prahler, 91 AD3d 49, 54 [2011]) and, when a plaintiff seeks to recover damages for an injury to property, the proper measure of damages is typically the lesser of the cost to repair or the diminution of market value (see Fisher v Qualico Contr. Corp., 98 NY2d 534, 539-540 [2002], citing Hartshorn v Chaddock, 135 NY 116, 122 [1892], rearg denied 32 NE 648 [1892]; see also McDermott v City of Albany, 309 AD2d 1004, 1006 [2003], Iv denied 1 NY3d 509 [2004]). Contrary to defendants’ contention, however, measuring damages as the lesser of the cost to repair or the diminution of market value does not require limiting the amount of damages to the assessed value of a property.
 

 We further note that “[t]here are also situations in which a property may be deemed to have a negative market value, i.e., where the cost to remediate the property exceeds the market value of the property” (Shaw v Rosha Enters., Inc., 129 AD3d 1574, 1578 [2015], citing Matter of Roth v City of Syracuse, 21 NY3d 411, 415 [2013]) and, under a negative market value approach, a plaintiff may be entitled to recover the costs of remediation in excess of the property’s fair market value (see id. at 1577-1578).
 

 We reject defendants’ further contention that the court erred in denying that part of their motion seeking the alternative relief of bifurcation of the trial. The determination “ ‘whether to conduct a bifurcated trial rests within the discretion of the trial court’ ” (Wright v New York City Tr. Auth., 142 AD3d 1163, 1163 [2016]), and we conclude that the court did not abuse its discretion (see CPLR 603; see also CPLR 4011).
 

 Finally, contrary to plaintiff’s contention on its cross appeal, we conclude that the court properly denied plaintiff’s motion to strike defendants’ demand for a jury trial (see International Playtex v CIS Leasing Corp., 115 AD2d 271, 272 [1985]). We have declined to apply the prevailing rule in the other Departments of the Appellate Division that a defendant waives his or her right to a jury trial on jury-triable causes of action in the complaint by interposing an equitable counterclaim based on the same transaction (see id.). The plain text of CPLR 4102 (c) does not address that issue, and the rule that prevails in the other Departments would force defendants to commence separate actions to assert equitable counterclaims, thereby encouraging the prosecution of inefficient and wasteful parallel actions (see International Playtex, 115 AD2d at 272). We conclude, however, that “[t]he need for a full relitigation of the equitable claims and the possibility of inconsistent results can be avoided by permitting the legal action and the equitable claims to be tried at the same time” (id.).
 

 Present — Whalen, P.J., Centra, DeJoseph, NeMoyer and Winslow, JJ.