23-7507-cr
*United States v. Martin*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of August, two thousand twenty-five.

PRESENT:
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

———————————————————————————

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                                    23-7507-cr

DENNIS MARTIN

> *Defendant-Appellant.*

———————————————————————————

FOR DEFENDANT-APPELLANT:             MICHELLE A. BARTH, Law Office of
                                     Michelle    Anderson    Barth,
                                     Burlington, VT.

FOR APPELLEE:                        JONATHAN A. OPHARDT (Corinne M.
                                     Smith, Gregory L. Waples, *on the
                                     brief*), *for* Nikolas P. Kerest, United
                                     States Attorney for the District of
                                     Vermont, Burlington, VT.

Appeal from an October 10, 2023 judgment of the United States District Court for the District of Vermont (Christina Reiss, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Defendant-Appellant Dennis Martin ("Martin") appeals from a judgment of conviction after a jury found him guilty of one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Martin's federal conviction arises from events in 2019, when law enforcement received reports that Martin injured his wife using a machete and a firearm and threatened his mother-in-law by sending her a video of himself brandishing a firearm. Law enforcement arrived at Martin's home on February 18, 2019 to execute a search warrant. While there, they arrested Martin, who was in a vehicle, and recovered a firearm from the vehicle. Martin was subsequently charged in state court with aggravated domestic assault and disturbing the peace by phone[1] and in

---

[1] In 2020, Martin pleaded guilty in state court to one count of disturbing the peace by phone and one count of misdemeanor domestic assault. He was sentenced by the state court on those two counts, and

federal court with possession of a firearm by a convicted felon. In appealing his federal conviction, Martin challenges the district court's denial of his motion to suppress his post-arrest statements, motion to dismiss the indictment as unconstitutional under the Second Amendment, and certain evidentiary rulings during his trial. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## DISCUSSION

### I. Denial of Motion to Suppress

In reviewing the district court's denial of Martin's motion to suppress his post-arrest statements, "we review the district court's factual findings for clear error, and its application of law to fact *de novo*." *United States v. Pabon*, 871 F.3d 164, 173 (2d Cir. 2017). We may affirm "on any ground that finds support in the record." *United States v. Ganias*, 824 F.3d 199, 208 (2d Cir. 2016) (en banc) (internal quotation marks and citation omitted).

Generally, "[a]n express written or oral statement of waiver of the right to remain silent or of the right to counsel is usually strong proof of the validity of that waiver[.]" *North Carolina v. Butler*, 441 U.S. 369, 373 (1979); *see Miranda v. Arizona*, 384 U.S. 436, 479 (1966) (explaining that an "individual may knowingly and intelligently waive [their *Miranda*] rights"). A confession, however, is involuntary if it is "obtained under

---

his aggravated domestic assault charges were dismissed with prejudice. In 2021, the state court entered an order expunging records related to the aggravated domestic assault charges.

3

circumstances that overbear the defendant's will at the time it is given." *United States v. Anderson*, 929 F.2d 96, 99 (2d Cir. 1991). To determine whether a confession is involuntary, courts are to consider the "totality of all the surrounding circumstances, including the accused's characteristics, the conditions of interrogation, and the conduct of law enforcement officials." *Id*. The accused's "mental state," which can be affected by his health, "should be considered in the voluntariness inquiry," *United States v. Taylor*, 745 F.3d 15, 24 (2d Cir. 2014), although "a defendant's mental condition, by itself and apart from its relation to official coercion," does not "dispose of the inquiry into constitutional 'voluntariness,'" *Colorado v. Connelly*, 479 U.S. 157, 164 (1986).

In arguing that his *Miranda* waiver and statements were involuntary, Martin primarily contends that the officers delayed taking him to the hospital to address a flare-up of his underlying medical condition to induce him to speak with them. Based on our review of the record, including the recordings of Martin's *Miranda* waiver and interrogation, we agree with the district court's conclusion that Martin's waiver was knowing and voluntary and that the officers' conduct did not overbear his will.

Upon arrest, Martin was placed in a police vehicle with the door open for approximately twelve minutes, during which time he complained of the cold temperature's impact on his medical condition. After being transported to the police station, Martin was given an oral *Miranda* rights warning, filled out an "advice of rights" form, and signed a written *Miranda* waiver. He was subsequently placed in a holding cell

4

and questioned by a lieutenant, who spoke to Martin in a calm, conversational, and non-accusatory manner. Martin had initially advised his arresting officers of his medical condition and requested medical assistance, but during his interview he did not exhibit signs that his will was overborne by either his medical condition or the lieutenant's questioning. Martin was generally cooperative and did not ask to stop the interview at any point. The questioning concluded approximately an hour and ten minutes after Martin's initial arrest, and he was transported to the hospital two hours after his arrest.

We therefore conclude that the district court's finding that there was "no evidence that [Martin's] will was overborne" was not clearly erroneous, and that, as a result, it did not legally err when it concluded that his *Miranda* waiver and subsequent statements were voluntary. *United States v. Martin*, No. 21-cr-68, 2022 WL 3211411, at *6 (D. Vt. Aug. 9, 2022).

## II.    Denial of Motion to Dismiss Indictment

Martin also appeals the district court's denial of his motion to dismiss his indictment, arguing that 18 U.S.C. § 922(g)(1) is facially unconstitutional and unconstitutional as applied to those with nonviolent underlying felony convictions. "We review *de novo* the denial of a motion to dismiss [an] indictment." *United States v. Kirsch*, 903 F.3d 213, 221 (2d Cir. 2018). Assuming that Martin preserved this argument, it is foreclosed by our recent decision in *Zherka v. Bondi*, 140 F.4th 68 (2d Cir. 2025), which held that Section 922(g)(1) is constitutional both facially and as applied to those whose

5

underlying felony conviction is nonviolent.  *See id.* at 75, 96.  The district court therefore properly denied Martin's motion to dismiss his indictment.

## III. Evidentiary Rulings

Martin appeals several of the district court's evidentiary rulings during the trial and its subsequent denial of his motion for a new trial.  We find no error in any of the challenged evidentiary rulings.

We apply a deferential abuse-of-discretion review to a district court's evidentiary rulings.  *See United States v. McGinn*, 787 F.3d 116, 127 (2d Cir. 2015).  A district court abuses its discretion when its "decision rests on an error of law . . . or a clearly erroneous factual finding, or . . . its decision . . . cannot be located within the range of permissible decisions."  *United States v. Kaplan*, 490 F.3d 110, 118 (2d Cir. 2007) (citation omitted).  "Where, however, the appellant fails to preserve an evidentiary challenge by lodging a timely objection, we review for plain error."  *United States v. Cummings*, 858 F.3d 763, 771 (2d Cir. 2017) (internal quotation marks and citation omitted).  Martin primarily raises two challenges: first, to testimony by government witnesses about his possession of a firearm and machete; and second, to the government's cross-examination of Martin about his prior misconduct and false statements.[2]

---

[2] Martin only objected to the cross-examination about his prior misconduct and false statements in his motion for a new trial, which the district court denied.  We need not decide whether he preserved this argument for appeal because, under either the abuse-of-discretion or plain-error standard, it fails.

6

Testimony is relevant under Rule 401 "if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.  Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The district court did not err by permitting government witnesses to testify about Martin's possession of a firearm and a machete because that testimony was highly relevant.  Martin argued at trial that the excessively militarized nature of his arrest "intimidat[ed]" him, leading him to deny possessing the firearm when he was questioned by police.  App'x 335–37.  Because Martin relied on this defense theory, testimony from police officers about their knowledge of Martin's possession and use of weapons was relevant to explaining the tactical-unit's presence at the execution of the search warrant and arrest.  *See, e.g.*, *Stillman v. InService Am., Inc.*, 455 F. App'x 48, 50 (2d Cir. 2012) (summary order) (explaining that evidence was relevant and admissible because it rebutted a theory advanced by the opposing party); *see also Paolitto v. John Brown E. & C., Inc.*, 151 F.3d 60, 66 (2d Cir. 1998) (reasoning that when an opposing party's evidence results in a "false impression," the opposing party "open[s] the door" to evidence "otherwise inadmissible" (internal quotation marks and citation omitted)).

7

The probative value of the challenged testimony was not substantially outweighed by unfair prejudice or any of the other Rule 403 considerations. The district court limited the government witnesses' testimony only to what was necessary to explain their understanding of the risk of violence during the arrest, rejecting as unfairly prejudicial the government's request to introduce the search warrant or to discuss the state crimes outlined in that warrant. *Cf. United States v. Royer*, 549 F.3d 886, 902–03 (2d Cir. 2008) (affirming a similar, conscientious assessment by a district court).

Likewise, Martin's claim that the district court abused its discretion by allowing the government to cross-examine him about his prior false statements is also without merit. Cross-examination of "[s]pecific [i]nstances of [c]onduct" that are "probative of the character for . . . untruthfulness" is permissible under Federal Rule of Evidence 608(b). Fed. R. Evid. 608(b). And the district court "conscientiously balanced the proffered evidence's probative value with the risk for prejudice." *United States v. Al-Moayad*, 545 F.3d 139, 159 (2d Cir. 2008) (citation omitted); *see* Fed. R. Evid. 403. The probative value of the evidence was high because Martin placed his credibility at issue when, in support of his sole defense of lack of knowledge of his felony conviction, he testified that he did not know that his prior conviction was a felony and that he falsely told officers he did not possess a firearm because he was intimidated by the large police presence at his arrest.

8

We are also unpersuaded that the cross-examination referencing Martin's prior possession of morphine and an unrelated firearm was unfairly prejudicial. Martin had already testified on direct examination that he previously committed a crime and was sentenced to five years' probation, and that he smoked marijuana and had taken intoxicating medications. More importantly, Martin had already admitted in his direct testimony that he possessed the firearm that was the subject of his Section 922(g)(1) charge. The district court also took steps to sanitize the government's cross-examination to ensure that it was not unfairly prejudicial. Because the likelihood that the cross-examination would result in undue prejudice was minimal compared to its strong probative value, the district court did not abuse its discretion in permitting the questioning. *See* Fed. R. Evid. 403; *United States v. Rosemond*, 958 F.3d 111, 125 (2d Cir. 2020).

*       *       *

We have considered Martin's remaining arguments and conclude they are without merit. For the reasons set forth above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9